Nov. Term, 1854.

Doe
v.
Jackman.

</div>

| 5 | 283 |
|126 | 90 |
|127 | 349 |
| 5 | 283 |
|137 | 418 |

———— •-o-o-•- ————

## Doe on the demise of Patterson and Another *v.* Jackman.

A testator being seized in fee of a tract of land, devised the same as follows: I give to my son *A.*, and my daughter *B.*, all my real estate, of every description, for and during their natural lives, and after their decease, I give the same to their children, the heirs of their bodies, forever. *A.* and *B.* afterwards executed a deed in fee of the land to *C.* *B.* subsequently died, leaving two children surviving her. *Held*, that *B.*, by the will, took a life estate, and her children a remainder in fee, in one-half of the land.

The rule in *Shelley's* case is not designed to give a meaning to words, but to fix the nature and quantity of an estate; and whenever, therefore, in an instrument it becomes certain that the term heirs is used with an intent that they shall take as purchasers, the instrument should be so construed.

ERROR to the *Jefferson* Circuit Court.

<div style="text-align: right">

Monday, November 27.

</div>

Davison, J.—Ejectment for a tract of land in *Jefferson* county. Verdict for the defendants. New trial refused, and judgment on the verdict.

The material facts of this case are these:

In the year 1829, one *Emanuel Meddack* died seized of the premises in dispute, leaving two children, *Gerardus Meddack* and *Margaret Patterson*. Also at his death he left a will which contains this provision:

"I give to my son *Gerardus Meddack*, and my daughter *Margaret Patterson*, all my lands and real estate of every description, for and during the term of their natural lives,

and after their decease I give the same to their children, the heirs of their bodies, forever."

*Margaret Patterson*, named in the will, died in the year 1833, leaving *Emanuel* and *Deborah Patterson* her only children and heirs, who are the plaintiff's lessors. On the 11th of *December*, 1830, *Gerardus Meddack* and *Margaret Patterson* executed a deed in fee to one *John Jackman* for the land in suit. Under this deed the defendants claim title to the premises, they being in possession, &c.

What estate did *Margaret Patterson* take under the will? This is the only question in the case. If the effect of the will was to make her an owner in fee, then her deed to *Jackman* vested in him a like estate. But if she took a life estate only, the fee at her death vested in the plaintiff's lessors, and they would have a right to recover in this action. Which of these positions is correct?

It is said, in argument, that the rule in *Shelley's* case applies to the case under consideration. That rule is this: "Where a freehold is limited to one for life, and by the same instrument, the inheritance is limited, either mediately or immediately, to heirs or heirs of his body, the first taker takes the whole estate, either in fee simple or fee tail; and the word 'heirs' or 'heirs of the body' are words of limitation, and not of purchase."

This rule is, no doubt, a law of property in *Indiana*. Still it will not, in any case, be allowed to override the manifest intent of the testator, provided such intention be not unlawful or inconsistent with the rules of law. The rule is not designed to give meaning to words, but to fix the nature and quantity of an estate. Whenever, then, the matter becomes certain that the term heirs is used with an intent that they should take as purchasers, the instrument should be so construed. Indeed there is no rule that can guide us safely through the numerous cases and apparent conflict of authorities on this subject, save that which looks to the intent of the testator.

Upon the first clause of the devise there can be no controversy. "I give all my lands," &c., "to my son *Gerardus*, and my daughter *Margaret*, for and during the term

of their natural lives." This language admits of but one interpretation. The purpose of the testator to create an estate for life, could not be more directly or strongly expressed. But the language thus used, explicit as it may be, will not prevent the application of the rule, unless the words, "after their decease, I give the same to their children, the heirs of their bodies, forever," indicates that he intended to dispose of an estate in remainder, after the previous life estate was spent.

Nov. Term, 1854.

Doe
v.
Jackman.

If full effect can be given to the terms "their children," the case is clearly with the plaintiff, because "where a conveyance was to *A.*, for and during his natural life, and to his children forever," this Court held that the rule in *Shelley's* case did not apply; that the words "his children" are words of purchase and not of limitation. *Sorden* v. *Gatewood*, 1 Ind. R. 107.

But the term "heirs" is one of limitation. It has a fixed and legal meaning, and a mere presumed intention will not control its signification. It can not be held a word of purchase, unless the testator's intent so to use it appears manifest.

What, then, was intended in the present case? This devise evidently contains two gifts. One to *Gerardus* and *Margaret*, without any superadded words of limitation; another "to their children, the heirs of their bodies forever." It seems to us that these two gifts can only be rendered sensible by construing, as the words obviously import, a life estate in the testator's son and daughter, and a remainder to "their children." No doubt the testator, when he made the will, had his grand-children in his mind's eye, and intended them, alike with his own children, to be the objects of his bounty.

This conclusion results from the mode in which the devise is constructed, and is strongly supported by the circumstance that not only his but their children are plainly designated. Nor do the words "the heirs of their bodies" militate against the previously expressed intent of the devisor; because "the heirs of their bodies" are of course "their children," and the devise is still nothing more than

a devise to the children of those to whom the life estate was given. It is true the latter words, in their legal import, are words of limitation; but the connection in which they are used obviously shows that the testator intended to use them in a restricted sense, to mean their children.

In this view, the intention of the testator seems to be obvious. His purpose, no doubt, was to make the children of *Gerardus* and *Margaret* the ancestor or stock of a new inheritance; and to carry out that intention, the words "their children, the heirs of their bodies," must be construed to be words of purchase and not of limitation. Therefore the rule in *Shelley's* case is not applicable. We think the effect of the devise was to vest in the lessors of the plaintiff a remainder in fee. It follows that the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, for the plaintiff.

*J. Sullivan*, for the defendant.