No. 9938.

## STONER v. THE STATE.

CRIMINAL LAW.—*Affidavits.*—*Separate Counts.*—*Motion to Quash.*—*Supreme Court.*—Where two affidavits were treated in the court below as the first and second counts of one and the same affidavit, by a motion to quash the "affidavit and information," and the defendant appealing has urged no objection to the affidavit treated as the second count, the Supreme Court can not say that the trial court erred in overruling the motion.

SAME.—*Evidence.*—*Verdict.*—Where the evidence in the record, although conflicting, tends to sustain the verdict of conviction in a criminal cause, the Supreme Court will not reverse the judgment.

From the Henry Circuit Court.

*J. Brown, W. A. Brown, S. H. Brown* and *C. S. Hernly,* for appellant.

*D. P. Baldwin,* Attorney General, and *L. P. Newby,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information for selling intoxicating liquor to a person in the habit of becoming intoxicated.

The information contained two counts, based upon separate affidavits.

The affidavit upon which the first count rested, omitting the signature and jurat, was as follows:

"STATE OF INDIANA, HENRY COUNTY, ss.:

"Personally appeared before me, Milton Brown, clerk of the Henry Circuit Court, H. R. Lennard, who, being duly sworn, on his oath says: That Jacob C. Stoner, on or about the 4th day of November, A. D. 1881, at said county of Henry and State of Indiana, did then and there unlawfully sell to one Asahell W. Lennard one gill of intoxicating liquor at and for the price and sum of ten cents; he, the said Asahell W. Lennard, then and there being a person who was in the habit of becoming intoxicated, and the said Jacob C. Stoner before that time having been given a notice in writing by a citizen of Henry township, being the township in which the said Asahell

W. Lennard resided, that the said Asahell W. Lennard was a person in the habit of becoming intoxicated."

The affidavit upon which the second count of the information was based was substantially the same as the one set out as above, except that it charged the defendant with having given intoxicating liquor to the said Asahell W. Lennard, and that it was Henry R. Lennard who, as a citizen of Henry township, had given the defendant notice that the said Asahell was a person in the habit of becoming intoxicated. Each count of the information contained, in all material respects, the same averments as did the affidavit upon which it was filed.

The defendant made an unsuccessful motion to quash the affidavits and information, after which a jury returned a verdict of guilty against him, on the first count of the information, assessing a fine of fifty dollars, and the court, first denying a motion for a new trial, rendered judgment on the verdict.

The appellant argues that the affidavit upon which the first count of the information was based and set out as above, was materially defective, because it did not state the name of the citizen of Henry township who gave notice of the said Asahell W. Lennard's habit of becoming intoxicated, and that hence the court erred in refusing to quash that affidavit and the first count of the information.

The court, as well as the parties, appears to have treated both the affidavits as the first and second counts of one and the same affidavit, and the appellant's motion was to quash the "affidavit and information," evidently referring to both affidavits as constituting one judicial instrument, or an integral part of a pleading.

No objection is urged to the sufficiency of what was treated as the second count of the affidavit. We, therefore, assume that no reason existed for questioning its validity, and that as to it the motion to quash was correctly overruled. The second count being sufficient, there was no error in refusing to quash the affidavit as a whole, and no separate motion to quash the

first count having been made, no question is now presented upon its sufficiency.

While the objection insisted upon to such first count of the affidavit raises a question of some interest in criminal pleading, it is, for the reasons given, a question not now before us, and, consequently, one upon which we express no opinion.

The appellant also argues that the verdict was not sustained by the evidence. The evidence was irreconcilably conflicting. If we were permitted to weigh the evidence as we find it in the record, we would feel constrained to hold that the preponderance was greatly in favor of the appellant, but there was evidence from which a sale of intoxicating liquor, under circumstances similar to those charged in the first count of the information, might have been inferred; and hence, we are unable to say that there was not evidence tending to sustain the verdict. We see no available error in the record.

The judgment is affirmed with costs.