SZULKOWSKA *v.* WERWINSKI ET AL.

[No. 16,508. Filed October 22, 1941.]

*Sevald & Sevald,* of Hammond, and *Arnold, Chipman & Degnan* and *De Vere D. Goheen,* all of South Bend, for appellant.

*Leon Kowalski* and *Orie Parker,* both of South Bend, for appellees.

DEVOSS, J.—On March 24, 1931, Leonard Szulkowski executed his last will and testament, which, omitting the caption and testamentary ·clause, is in words and figures as follows:

"FIRST, I order and direct that my Executor hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"SECOND, After the payment of such funeral expenses, I give devise and bequeath to Loretta Tekla Kendziorska, to which I was a Godfather, the sum of Five thousand ($5,000.00) Dollars.

"THIRD, I give, devise and bequeath to my beloved mother, Maryanna Szulkowska, residing in Holendry Giwartowskie, County Slupca, Township Ostrowite, State Kaliszka, Poland, all the rest, residue and remainder of my estate, real, personal and mixed, and wherever located.

"FOURTH, All the cash money, I have in Savings account No. 34399 of the Citizens National Bank of South Bend, Indiana.

"LASTLY, I make, constitute and appoint Ignatius K. Werwinski, to be Executor of this, my last Will and Testament, hereby revoking all former wills by me made.

"IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my seal the 24th day of March, in the year of our Lord, one thousand nine hundred and thirty-one.

"(signed) Leonard Szulkowski (seal)"

Leonard Szulkowski died on February 7, 1938, a resident of St. Joseph County, Indiana; and said will was probated in St. Joseph Superior Court No. 1, on the 10th day of February, 1938; and the executor named in said will was appointed as executor and qualified as such and has acted as such executor continuously up to the filing of the complaint herein.

On the 1st day of November, appellee, Ignatius K. Werwinski, as executor of the said last will of Leonard Szulkowski, filed his complaint in said St. Joseph Superior Court No. 1, for a declaratory judgment construing said will. The complaint was in the usual form; and, among other things, alleged that item No. 4 in said will created an uncertainty as to the disposition of the sum named therein; and that a dispute has arisen relative thereto. That the mother of decedent, Maryanna Szulkowska, named in item No. 3 of the will, and Loretta Tekla Kendziorska, named in item No. 2 of the will, are each claiming the ownership thereof, and prays that the court enter a declaratory judgment determining said dispute and construing said will. Loretta Tekla Kendziorska, Klementene Smogor, guardian of said Loretta Tekla Kendziorska, Maryanna Szulkowska, appellant herein, Stella Chmielowski, Josephine Jannis, and Pauline Zajaczowski were each named as defendants in said complaint.

An answer in general denial was filed by Klementene Smogor, guardian of Loretta Tekla Kendziorska; Stella Chmielowski, Josephine Jannis, and Pauline Zajaczowski were each called and defaulted; and Maryanna Szulkowska filed her answer to said complaint, admitting the controversy, alleging among other things, that she is the specific legatee of all the cash in savings account No. 34399 in Citizens National Bank of South Bend as mentioned in item 4 of the will, and prays for a construction of said will.

To this answer, the plaintiff (appellee) filed a reply in general denial.

Upon the issue thus formed, the cause was submitted to the court for trial, who, upon proper request, made special finding of facts and stated conclusions of law thereon adverse to appellant. Proper exceptions were taken by appellant to the conclusions of law, and this appeal followed.

The only error assigned in this court is that the trial court erred in its 2nd, 3rd, and 4th conclusions of law, which 2nd, 3rd, and 4th conclusions of law are as follows:

"2. That the law is against the claim of the defendant, Maryanna Szulkowska.

"3. That under Item Two of the Will, Loretta Tekla Kendziorska is entitled to receive Five Thousand Dollars from said estate, or such portion thereof as may remain to discharge the same, after the payment of the debts and funeral expenses and costs of administration of said estate.

"4. If there remain any funds in said estate after the payment under Item One and Item Two of said Will, all of the same should be paid to the Mother, Maryanna Szulkowska, under Item Three of said Will."

It was contended in the trial of the cause and is contended here by appellant that item 4 of the will is a special legacy to her of the money in savings account No. 34399 of Citizens National Bank of South Bend, Indiana; and an interpretation of that item in the will, it seems to us, will settle the controversy raised by this appeal.

The appeal as presented does not challenge in any manner the finding of facts. It will be assumed by this court that the evidence introduced fully sustained such finding.

The court found that the decedent, Leonard Szulkowski, died on February 7, 1938, and left his will, the document hereinabove set out; that application for letters testamentary was filed, and appellant herein appointed executor, and proceeded to attend to the duties thereof; that on March 24, 1931, the day on which the testator's will was made by him, he had on deposit in savings account No. 34399 in the Citizens Trust and Savings Bank the sum of $18,190.04. That the present probable value of all the assets of testator's estate, after payment of debts and funeral expenses, will be less than $5,000.00, that the testator was unmarried, a citizen of the United States, and that his mother, Maryanna Szulkowska, resided in Poland and never visited this country. The court further found that the defendants, Stella Chmielewski, Josephine Jannis, and Pauline Zajacowski are sisters of the testator, are heirs at law, but have been given no interest in the estate under the will. The testator, from 1918, to his death, resided at the home of Frank Kendziorska, which was the home of the parents of Loretta Tekla Kendziorska, now 17 years of age, the person named as beneficiary in the record item of the will.

The court further found from the will, without recourse to extrinsic evidence, that the testator did not intend by item 4 of the will to make a bequest of savings account No. 34399 of the Citizens National Bank of South Bend, Indiana, to Maryanna Szulkowska, but he intended by said item 4 of his will to direct his executor where his money was kept.

In the construction of a will by the court, certain fundamental principles of law must be kept in mind and followed. The primary purpose of the part of the court is to discover and give effect to the intention of the testator.

This court and the Supreme Court of Indiana have on numerous occasions laid down the rules to be followed. In the case of *Grise, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 8, 11 N. E. (2d) 146, the Supreme Court quoted and affirmed the following rule:

> " 'It is a well settled rule of construction, that all the parts of a will are to be construed together and in relation to each other, and so as, if possible, to form one consistent whole, and that words and limitations may be transposed, supplied or rejected, where warranted by the context or the general scheme of the will, but not merely on a conjectural hypothesis of the testator's intention, however reasonable, in opposition to the plain and obvious sense of the language of the instrument. 1 Redf. on Wills, 430. It is our duty to place such a construction upon the will as will sustain and uphold it in all its parts, if it can be done consistently with the established rules of construction of the law.' "

In the case of *Major* v. *Major* (1938), 106 Ind. App. 90, 96, 15 N. E. (2d) 754, this court cited and approved rules for the construction of wills and said therein:

"All of its parts must be considered together, and, when necessary, in order to ascertain the testator's intention, the court will, in addition to considering the language and provisions, consider the circumstances and conditions surrounding the testator when the will was executed."

The decisions of this court and of the Supreme Court as to the rules governing the construction of wills are so numerous that we do not deem it necessary to cite any additional authorities, and will proceed with a construction of the will in question. To do this, we must explore the four corners of the instrument, and by consideration thereof, determine the intent and purpose of item No. 4 of said will. Item 1 of the will directs that his executor pay all his just debts and funeral expenses as soon as may be conveniently done. Item 2 of the will provides for the payment of a bequest to Loretta Tekla Kendziorska in the sum of $5,000.00, and then by item 3 all of the rest and residue of testator's estate is bequeathed to his mother. It will be noted from the context of the will and the language therein used, that by items 1 and 2, testator was dealing in cash assets. Both of these items must necessarily be paid either out of cash on hand or the sale of assets to make cash for that purpose. It would be reasonable to assume that the testator knew he was dealing in cash items, and, consequently, by item 4 informed his executor where his cash money was. Without any change in punctuation, extraction of words therefrom, or addition of words thereto, item 4 performs this purpose and reads as follows:

"FOURTH, All the *cash money*, I have in Savings account No. 34399 of the Citizens National Bank of South Bend, Indiana."

Appellant contends that item 4 of the will should be read in conjunction with and as a part of item 3 of the will as follows:

"THIRD, I give, devise and bequeath to my beloved mother, Maryanna Szulkowska, residing in Holendry Giwartowskie, County Slupca, Township Ostrowite, State Kaliszka, Poland, all the rest, residue and remainder of my estate, real, personal and mixed, and wherever located" And "FOURTH, all the cash money, I have in saving account No. 34399 of the Citizen National Bank of South Bend, Indiana."

We cannot agree with this contention. By item 1, 2, and 3 of his will, the testator completely disposes of his entire estate and the addition of item 4 to item 3 would merely be a repetition. Rather do we think that item 4 of the will is a distinct and separate statement not a dispositive part of the will, but merely a directive part, informing his executor where his money could be found.

We can readily understand and appreciate the sentiment that naturally and usually exists between a mother and her son; and were we permitted to write the will for testator, it is possible that the resultant effect thereof would be different than herein expressed; but under the rules of construction, we have no more authority to rewrite a will for a testator than would we have to write his contracts for him, were he living.

Finding no reversible error in the record, the judgment is affirmed.

Judgment affirmed.

NOTE.—Reported in 36 N. E. (2d) 948.