GARDNER ET AL. *v.* GROSSMAN ET AL.

[No. 17,272.   Filed November 9, 1944.]

136

*Proctor & Proctor,* of Elkhart, and *Foster & Foster,* of Lagrange, for appellants.

*Rex S. Emerick,* of Kendallville, and *Gerald W. Fisher,* of Lagrange, for appellees.

DOWELL, C. J.—This cause was initiated by appellants in the court below with a complaint in two paragraphs to construe the will of Erin L. Gardner and to quiet the title to certain real estate described in the complaint and in the will. Upon the issues joined by the first paragraph of complaint, appellees' answer and cross-complaint and appellants' answer, the cause was submitted to the court upon a stipulation of facts, resulting in a finding against the appellants on their complaint and for the appellees on their cross-complaint with judgment accordingly.

The sole error assigned is the overruling of appellants' motion for a new trial which challenges the sufficiency of the evidence and the legality of the decision.

The pertinent facts necessary to a consideration of the issues here presented appear in the stipulations and are, substantially as follows:

One Erin L. Gardner, a widow, was the owner of the real estate here concerned up to the time of her

death on April 21, 1894. On that same day her last will was duly admitted to probate, it having been made and executed two weeks prior to her demise, namely, on April 4, 1894. That portion of said will germane to the issues here reads as follows:

"I give to my grandchild, George W. H. Gardner, and when he is done with it, to be given to his oldest son and so on down to the latest generation to be kept in the Gardner name the part of the old Homestead that belongs to me."

At the time of the execution of the will and at the time of its probate the said George W. H. Gardner was unmarried. Immediately thereafter he went into possession of the real estate so designated and devised in the will and on October 29, 1895, was married to one Justina E. Grossman. He died on August 9, 1935, leaving surviving him no children, but only his widow, the said Justina.

The said widow died testate on July 17, 1940, her will having been executed on the day prior to her demise, namely, July 16, 1940. Item Six of her will, admitted to probate some few days thereafter, provided:

"I give, devise and bequeath the rents, profits and use of my farm of (describing the real estate)· to Karl H. Grossman and Veva E. Grossman, husband and wife, for the term of and until Gary Owen Grossman, son of Karl H. Grossman and Veva E. Grossman, reaches the age of twenty-óne (21) years.

"I give and devise to Gary Owen Grossman in fee simple my farm of (same description as supra) subject only to the devise made in the first paragraph of this Item 6 of this Last Will and Testament."

Appellants and appellees agree as to the identity of the real estate involved regardless of insufficiencies of and variances in the descriptions employed in the instruments and pleadings.

Upon these facts and the law applicable thereto appellants contend that the will of Erin L. Gardner gave to her grandchild, George W. H. Gardner, only a life estate in said real property and that immediately upon his death appellants, who are the heirs of Erin L. Gardner, were invested with the fee-simple title thereto and now are so invested, notwithstanding intervening oc-currences such as the execution and probate of Justina Gardner's will.

Appellees, on the other hand, urge that the language of Erin L. Gardner's will created a fee tail or, more precisely, an estate tail male, which, by operation of the statute governing became a fee simple which vested in the said George W. H. Gardner immediately upon his grandmother's demise, was taken by his wife Justina upon his death, and passed, by virtue of Item 6 of Justina's will to Gary Owen Grossman, subject to the intervening estate of Karl H. and Veva E. Grossman.

The statute which forms the basic premise of appellees' theory provides:

> "Estates tail are abolished; and any estate which, according to the common law, would be adjudged a fee tail, shall hereafter be adjudged a fee simple; and if no valid remainder shall be limited thereon, shall be a fee simple absolute." (1 Rev. St. 1852, ch. 23, § 36, p. 232; § 56-138, Burns' 1943 Replacement.)

An estate tail is an estate of inheritance which, instead of descending to heirs generally, goes only to heirs of the donee's body, which means his lawful issue, his children, and through them to his grandchildren in a direct line so long as his posterity endures, in a regular order and course of descent and on the extinction of such issue the estate determines. The indefinite failure of issue which is an essential ingredi-

ent of a fee tail, means a failure of issue which may occur at any time rather than at any fixed time. 31 C. J. S. 35.

Estates tail are either general or special and may be either in tail male or tail female according to whether the limitation is to the one to the exclusion of the other. 31 C. J. S. 36.

In the instant case one conclusion is, we think, inescapable and that is, within the contemplation and intent of the testatrix the devise was and is one to the lawful male issue of the Gardner lineage.

Common understanding, usage and definition by accepted authorities permits no other construction. That the lawful issue of the body was thus intended is further borne out by the phrase "to be kept in the Gardner name."

With this in mind we may say that the devise meets the first requirements of an estate tail male since the estate is descendible, not to the heirs generally, but to particular, lawful, male issue of the body.

It also is to descend through such issue of the donee's body to his oldest lawful male grandchild in a direct line "and so on down to the latest generation" or, in other words, so long as the Gardner posterity shall endure. Being thus limited as to process and course of descent and being not a limitation over postponed until failure of children merely or on failure of issue within a definite time the estate will, of course, determine upon the extinction of the male issue of the Gardner line and only then and thereby; and will, upon such extinction only, revert to the donor by operation of law since the creator of the estate has failed to specify successors to take the property in event of expiration of the lineage to which it has been entailed. *Outland et al.* v. *Bowen et al.* (1888), 115 Ind. 150, 17

N. E. 281; *Huxford, Admx.* v. *Milligan et al.* (1875), 50 Ind. 542; *Doe* v. *Jackman* (1854), 5 Ind. 283; See also 19 Am. Jur. 509; 33 Am. Jur. 510; Co. Litt. 142b; 2 Black. Comm. 175; 4 Kent 197 and 354; Chall. Real Prop. 68-69; Cruise Dig. Title 17; 4 Kent 345; 19 Vin. Abr. 217; Will. Real Prop. 282. So, the estate is measured by the continuance of the male issue of the body of the donee, the failure of which may occur at any time rather than at any fixed time.

Thus there are present in the instant case all of the essentials of an estate tail male and the argument that it was the intention of the testatrix so to entail the estate is strengthened and re-inforced by a consideration of the circumstances prevailing at the time of the devise. Then the devisee, George W. H. Gardner was unmarried and had no children. Obviously, therefore, the testatrix could not have intended by the use of the words "his eldest son" a *personae designata* or *descriptio* for she could not thereby designate or identify a child in esse. That she intended the term rather as descriptive of a class of heirs to the exclusion of all others is patent from the language following, "and so on down to the latest generation to be kept in the Gardner name." Considered in this aspect, therefore, the phrase is one of limitation and not of purchase. See 69 C. J. 220, § 1253, note 20; Washburn Real Prop. Vol. II, p. 269 et seq. (3rd ed.).

In the case of *Conover* v. *Cade* (1916), 184 Ind. 604, 112 N. E. 7, cited by appellants the devise was one to "my children and when they are done with it to go to their children, *if any they may have*—and if there *is any that have no children* then their share goes to my other children or their children, provided they should be dead." (Italics ours.) It is apparent that therein was a limitation over postponed until failure

of children merely and one of the essential elements of an estate tail is lacking. See *Cain v. Robertson* (1901), 27 Ind App. 198, 203, 61 N. E. 26, also cited by appellants.

Other cases are cited by appellants in support of their contention that a devise to a named person, in the absence of words expressing a contrary intent, conveys only a life estate. This we concede to be the rule. The qualification, however, is contained within the rule itself, i.e., "in the absence of words expressing a contrary intent."

Nothing is better settled than that the intention of the testatrix, if consistent with law, is paramount and should prevail. In determining that intent, however, we are not permitted the exercise of a mere arbitrary discretion in conjecturing what words the testatrix *would have used* or what form of disposition she *would have adopted* had she been advised as to the legal effect of the words actually employed. That would be to make a will for her instead of construing that which she herself actually made. So we are bound to take as our guide the general rules of construction which have been adopted and followed by those who have gone before us. *Allen et al. v. Craft et al.* (1886), 109 Ind. 476, 485, 9 N. E. 919.

Estates tail originated with the Statute De Donis Conditionalibus (3 Edw. I c. 1) which abolished fees conditional and substituted therefor fees tail. See 31 C. J. S. 36; 21 C. J. 932; *Den v. Spachius* (1837), 16 N. J. L. 172. The name "fee tail" was borrowed from the feudists among whom it signified any mutilated or truncated inheritance from which the heirs general were cut off. 19 Am. Jur. 507. Such a fee or feud was called a *feudum talliatum* from *tailler*, to cut or mutilate. 2 Black. Comm. 112N. Subsequently to the

enactment of the statute de donis there were developed certain rules of construction which eventually differentiated in respect to whether their applicability was to deeds or to devises. Thus a grant by deed to a man and his heirs male would be construed to create a fee simple for want of the requisite words "of his body" or their equivalent. But if it had been by will, the law, to carry out the testator's intention, would supply these words and regard it a fee tail. 2 Black. Comm. 115; Coke Littleton 27a; 2 Prest. Est. 536; Washburn Real Prop. Vol. I, p. 92 (3rd ed.). So where the gift was by devise to a man and his seed, or his heirs male, or his children, if he then have none, or *to him and his posterity, or by other words showing an intention to restrain the inheritance to the descendants of the devisee,* it would create an estate tail. 2 Black. Comm. 115, 381; Washburn Real Prop. Vol I, p. 92.

Hence, the rule, now well settled, that in the creation of estates by will no correct or technical words of inheritance or procreation are necessary to establish a fee tail. Any expressions in a will denoting an intention to give the devisee an estate of inheritance descendible to his, or some of his, lineal but not collateral heirs is sufficient. 19 Am. Jur. 513. Jarman on Wills (6th ed.) Vol. II, p. 1927.

We are of the opinion that the intention of the testatrix, Erin L. Gardner, to restrain the estate of inheritance to the eldest male descendants of George W. H. Gardner is clearly apparent from the terms of the devise. An estate in tail male, therefore, was created which, under the statute, must be adjudged a fee simple.

The judgment of the court below was as follows:

"It is therefore considered and adjudged by the Court that the Cross-plaintiffs, Karl H. Grossman and

Veva E. Grossman, are the owners of a freehold interest for a term of years, to-wit, until the cross-plaintiff, Gary Owen Grossman, reaches the age of twenty-one years, in and to the real estate described in the complaint and cross-complaint, and that the cross-plaintiff, Gary Owen Grossman, is the owner in fee simple of said real estate, subject only to said freehold interest of said cross-plaintiffs, Karl H. Grossman and Veva E. Grossman; that the plaintiffs' and the cross-defendants' claim and each of them thereto is without right and unfounded and that cross-plaintiff's title thereto be and the same is hereby quieted and forever set at rest as against the plaintiffs and cross-defendants and all persons claiming through or under either of them."

It is affirmed.

We eliminate, as unnecessary to a decision here, any discussion of the rule in Shelley's Case and of the first resolution in Wild's Case.

NOTE.—Reported in 57 N. E. (2d) 440.