Dennis A. **MERRILL** and Walter O. Merrill, in their capacities as two of the three Co-Executors of the Last Will and Testament of Newell M. Merrill, deceased; Dennis A. Merrill and Walter O. Merrill in their capacities as Trustees of the Trust purported to be established by Item 3 of the Last Will and Testament of Newell M. Merrill, deceased; Dennis A. Merrill; Walter O. Merrill; Judith I. Yarling; Richard Dennis Merrill; Kathryn Jo Anderson; Margaret Yarling Ruegg; Cynthia Lou Rink; and Virginia Beth Yarling, Appellants (Petitioners Below),

v.

Wayne O. **WIMMER**, Co-Executor of the Estate of Newell M. Merrill, deceased; Barbara Jean Merrill; and the unborn grandchildren of Newell M. Merrill, deceased, Appellees (Respondents Below),

Pamela Sue Yarling, Appellee (Petitioner Below),

and

Erpha B. Merrill, Appellee (Non-Participating Interested Party Below).

No. 885S326.

Supreme Court of Indiana.

Aug. 21, 1985.

Dan R. Winchell, Baker & Daniels, Indianapolis, and Philip S. Cooper, Busby, Austin, Cooper & Farr, Anderson, for appellants.

Larry E. Swick, Wimmer, Lockwood & Swick, Elwood, for Wayne O. Wimmer.

Stephen D. Clase, Braddock & Clase, Anderson, Guardian Ad Litem.

ON CIVIL PETITION TO TRANSFER

PRENTICE, Justice.

This case is before us upon the petition of the Petitioners (Appellants below) to transfer the cause from the Court of Appeals, Fourth District, that court having reversed the judgment of the trial court by decision and opinion published at 453 N.E.2d 356. Said decision is in conflict with the decisions of that court in *Weishaar v. Burton* (1962), 132 Ind.App. 597, 179 N.E.2d 211, *Gardner v. Grossman* (1944), 115 Ind.App. 135, 57 N.E.2d 440, and *Szulkowska v. Werwinski* (1941), 109 Ind.App. 511, 36 N.E.2d 948, and contravenes ruling precedents of this Court, including *Thomas v. Thomas* (1896), 108 Ind. 576, 9 N.E. 457, proscribing the judicial rewriting of wills. Accordingly, transfer is granted, and the aforementioned decision and opinion of the Court of Appeals are ordered vacated.

The Testator, Newell M. Merrill, died leaving the following quoted will, which was admitted to probate:

"I, Newell M. Merrill, a resident of Madison County, Indiana, being of sound and disposing mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking all former wills by me made.

"Item 1. I hereby direct that all of my just debts, including my funeral expenses, expenses of my last illness and the expenses of the administration of my estate be paid by my Executor hereinafter named, out of the first money coming into his hands and available therefor.

"Item 2. I give, devise and bequeath to my wife, Maizie Merrill, all of my property, both real and personal, for her use and profit for and during her natural life only.

"Item 3. All the rest, residue and remainder of my property, both real and personal, after the life estate to my said wife as above provided, I give, devise and bequeath to Dennis A. Merrill and Walter O. Merrill, as Trustees, in Trust, for the following uses and purposes, to wit:

A. That said Trustees, may either act as Co-Trustees or if either fails or refuses to act for any reason whatsoever, then the remaining Trustee shall act alone.

B. That said Trustees shall manage all of said Property, and the income therefrom, after payment of all expenses, shall be divided three (3) ways, to wit:

One-Third (⅓) to my daughter, Judith I. Yarling; One-Third (⅓) to my son, Dennis A. Merrill, and One-Third (⅓) to my son, Walter O. Merrill, for and during the duration of said Trust. That should either of my sons, Walter O. Merrill or Dennis A. Merrill, die before the termination of said Trust, their share of the income shall go to their wives, so long as they remain their widows.

C. That in the event of an emergency and if either of said children should be in need of more funds than is available from the income, then, and in that event, in the discretion of said Trustees, they may divide between each of said beneficiaries a portion of the corpus of said Trust which is necessary to alleviate said emergency. That in the event of the need of any beneficiary creating an

emergency whereby it is deemed advisable by said Trustee to invade the corpus of said Trust, then, and in that event, each of said beneficiaries shall receive an equal share of said corpus.

D. That said Trustees shall have the power and authority to sell any of said property, either real or personal, at private or public sale, and to invest and reinvest the proceeds therefrom as they see fit or deem advisable.

E. That when my youngest grandchild reaches the age of twenty-five (25) years, said Trust shall terminate as to two-thirds (⅔) of the corpus of said Trust, and that said two-thirds (⅔), together with the accumulated income to be credited to said two-thirds (⅔) interest, shall be divided as follows, to wit: One-Third (⅓) shall be divided one-half (½) to my daughter, Judith I. Yarling, and one-half (½) to her children, share and share alike; One-Third (⅓) shall be divided one-half (½) to my son, Dennis A. Merrill, and one-half (½) to his children, share and share alike; One-Third (⅓) of the corpus of said Trust, together with any accumulated income, to be credited to said one-third (⅓) interest, shall be continued in Trust for my son, Walter O. Merrill, and he shall have the income from this Trust for and during his natural life and upon his death, if he has bodily issue, then one-half (½) of his one-third (⅓), in Trust, shall go to his bodily issue and the other one-half (½) of the one-third (⅓), in Trust, or all of said one-third (⅓), in Trust, in the event he has no bodily issue, shall go to my grandchildren, living at the time of the termination of said Trust, share and share alike.

F. That upon the termination of said Trust, the Trustees or the successor Trustee shall do any and all things necessary or required to transfer the title to all of the property, both real and personal, and to do any and all things necessary or required to carry out the terms of this Trust.

"Item 4. I nominate and appoint Wayne O. Wimmer, Attorney at Law, Elwood, Indiana, as Co-Executor, to act with either or both of my said sons, Dennis A. Merrill and Walter O. Merrill, however, should neither be available or unable to act, then said Wayne O. Wimmer shall act as sole Executor.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal on this *19th* day of February, 1970.

■ This appeal is from the construction and modification of said will by the Superior Court of Madison County. No fact is in dispute. The will speaks for itself, as well to us as to the trial court; hence, we review it *de novo.*

Testator's wife, Maizie, predeceased him; hence Item Three (3), the residuary provision, in essence, constitutes the entire will. Surviving Testator were a second, childless wife, and three children, Judith I. Yarling, Dennis A. Merrill and Walter O. Merrill. Also surviving Testator were five grandchildren, by Judith, ranging in age from thirteen years to twenty-nine years and two grandchildren by Dennis, who were eighteen and eleven years old respectively. Walter was childless.

The trial court, adopting the probate commissioner's findings, correctly held that the trust provisions as to the two-thirds (⅔) share designated for Judith and Dennis and their children were invalid under the rule (statute) against perpetuities (Ind.Code § 32–1–4–1 [Burns 1980 Repl.]), but incorrectly awarded that portion in equal shares to them outright. It also incorrectly upheld the entire trust provision regarding the one-third (⅓) share designated for Walter.

■ The Court of Appeals also correctly held that the trust provisions violated the statute against perpetuities. It was critical of the trial court for extinguishing the grandchildren's interest in two-thirds (⅔) of the corpus and vesting it immediately in Judith and Dennis, and it referred to this as the trial court's having "rewritten Newell's will." Yet, under the claim of merely construing the will, the Court of Appeals, itself, has rewritten it by changing certain

of the beneficiaries from the Testator's grandchildren (regardless of the time of their births) to his grandchildren alive at the time of his death. Its justification for this impermissible action was to avoid intestacy, which results under the will as written. In essence, the Court of Appeals put into effect a testamentary plan that it perceived would have been preferred by the Testator, had he known that his own plan could not be carried out. However, resort may be had to rules of construction only for the purpose of ascertainment of a testator's intent when there is an actual or latent ambiguity.

"Where a will is ambiguous, and a testator's intention cannot be determined from the language of the will, rules of construction are of necessity resorted to; not for the purpose of misconstruing that which is clear, but for the purpose of resolving a doubt as to the testator's meaning. It is never permissible for courts to resort to rules of construction where the language is clear and unambiguous."

*Attica Bldg. & Loan Assn. v. Colvert* (1939), 216 Ind. 192, 202, 23 N.E.2d 483, 488.

"We are bound to adhere to the words of the will unless there is doubt, confusion or obscurity, and there is nothing of the kind here. Redfield said there is no rule of construction 'of more universal application, both here and in England, than that the plain and unambiguous words of the will must prevail, and are not to be controlled, or qualified, by any conjectural, or doubtful construction growing out of the situation, circumstances, or condition, either of the testator, his property or his family.' * * *

"The authorities are not divided upon the proposition that courts cannot, except in the clearest cases, change by transposition, alteration, subtraction or substitution, the words of a will, but must take them as they are written."

*Gibson v. Seymour, et al.* (1885), 102 Ind. 485, 489–90, 2 N.E. 305, 307.

"Nothing is better settled than that the intention of the testatrix, if consistent with law, is paramount and should prevail. In determining that intent, however, we are not permitted the exercise of a mere arbitrary discretion in conjecturing what words the testatrix *would have used* or what form of disposition she *would have adopted* had she been advised as to the legal effect of the words actually employed. That would be to make a will for her instead of construing that which she herself actually made." (Emphasis in original.)

*Gardner v. Grossman* (1944), 115 Ind.App. 135, 142, 57 N.E.2d 440, 443.

 Here, there is no ambiguity whatsoever in the will, with regard to either the identity of the beneficiaries or the time of termination of the trust.[1] The beneficiaries were the Testator's children and grandchildren, all of them, and the trust was to terminate, as to two-thirds (⅔), when the youngest grandchild attained the age of twenty-five (25) years. What could be more clear? The problem is not one of ascertaining the Testator's intentions, as to time for vesting, but simply that our statute will not permit such intention to be carried out.

The statute provides, "An interest in property *shall not be valid* unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest." Ind.Code § 32–1–4–1 (Burns 1980 Repl.) (Emphasis added.)[2]

---

1. It may be noted that the will in the instant case also suffered from another perplexing infirmity. By Item 3(E) the trust was to terminate, as to two-thirds, when Testator's youngest grandchild attained the age of twenty-five (25) years, at which time one-half of two thirds of the corpus was to be distributed to two of Testator's children. Since the identity of the youngest grandchild cannot be determined until all of Testator's children have died, the intended gift to these two children fails and inflicts a major, if not fatal, blow to the testamentary plan.

2. The common law Rule Against Perpetuities (adopted by statute in Indiana) is noted for its harsh consequences. Despite its mischief, however, it is generally believed, and the American Law Institute and the National Conference of Commissioners on Uniform State Laws both

Since a grandchild can only be born within the life of a child, there was no problem with measuring the time until vesting of the corpus of the trust upon the life of a grandchild, even though unborn. However the maximum period of delay to be so measured is twenty-one (21) years, not twenty-five (25). Hence the gift may not vest within the period allowed by law and is void.

■ It is argued that the trial court's construction subverts the Testator's intent, but this is not a correct statement. It is the statute against perpetuities that subverts his intent. This is always the case when the testator's intent is one that cannot be carried out.

■ The trial court was in error in holding that the two-thirds (⅔) interest intended for Judith and Dennis and their children would pass to Judith and Dennis outright.

"The power or function of the court is limited to the construing of a will, that is, the interpretation of the language used by the testator, and it may not make or rewrite the will for the testator under the guise of construction, even to do equity or accomplish a more equitable division of the estate, or for the purpose of making it more liberal and just, or even though interested parties are agreeable thereto. So the courts have no right to vary or modify the terms of a will, or to reform it, even on grounds of mistake, accident, or surprise * * *." [Footnotes omitted.]

95 C.J.S. *Wills* § 586, pp. 710–713. *See also Weishaar v. Burton, supra; Gardner*

*v. Grossman, supra; Szulkowska v. Werwinski, supra.*

■ Property not effectively disposed of by will must pass by the laws of intestate succession, regardless of the cause of the non-disposal. This was recognized in *Stephens v. Evans' Admx.* (1868), 30 Ind. 39, and *Sipe v. Merchants Trust Co.* (1941), 109 Ind.App. 566, 34 N.E.2d 968.

"The limitation being void as to the cousins, and the grandchildren of the testator not taking a vested, but a contingent remainder, the fee, subject to the life estate of the widow of Camilas Evans and the contingent remainder to the grandchildren, either passed under the residuary clause in the third article, or descended under the law of decents [sic] in force at the death of the testator."

*Stephens*, 30 Ind. at 52.

■ The trial court also held that the trust for Walter terminated upon the death of Walter and, hence, did not violate the statute. The parties appear to accept this notion, but Petitioners argue, and we believe correctly so, that even if the provisions for Walter be valid, they are so interrelated with those for Judith and Dennis that they cannot be permitted to stand alone, because such would result in significant distortion or defeat of the Testator's underlying objectives. *Sipe v. Merchants Trust Co., supra.* It will be noted that the underlying plan of Testator was for his three children to have equal shares in the income for a term of years, after which the corpus of Judith's share would be divided between her and her children, and the cor-

---

agree, that the rule serves important social functions and should not be abolished altogether.

The generally recognized method of avoiding total defeat of the testator's general plan is by means of a savings clause in the will itself, which unfortunately was not provided here. In some jurisdictions, where the rule exists only by virtue of the common law, courts have taken certain liberties, such as accelerating the time for vesting from the prohibited one stated to one that the rule will permit. *Matter of Estate of Chun Quan Yee Hop, etc.* (1970), 52 Ha. 40, 469 P.2d 183; *Carter, et al. v. Berry, et al.* (1962), 243 Miss. 321, 140 So.2d 843; *Edgerly, et al. v. Barker, et al.* (1891), 66 N.H. 434, 31 A. 900;

*Berry Exec., etc. v. Union Ntl. Bank, etc.* (1980), W.Va., 262 S.E.2d 766. In these cases, however, it should be noted that only the time of vesting was altered, not the beneficiaries. Statutory reformation has also been employed in some jurisdictions. *Pearson Estate* (1971), 442 Pa. 172, 275 A.2d 336.

The American Law Institute approved reformation in 1983 as part of the Restatement (Second) of Property (Donative Transfers). The National Conference of Commissioners on Uniform State Laws currently has the matter under consideration, and a proposed draft was presented at its August 2–9, 1985 meeting.

pus of Dennis' share would be divided between him and his children, but the share for Walter would continue in trust, until his death, so that he would continue to receive the income for life but not the corpus. If the provisions for Walter are permitted to stand, notwithstanding the failure of those for Judith and Dennis, however, Walter will share equally with Judith and Dennis, under the laws of intestate succession, in the two-thirds (⅔) intended for them and their children, while also receiving the income, for life, in the remaining one-third (⅓)—a grossly distorted result. 61 Am. Jur.2d *Perpetuities* § 87, p. 95.

 We disagree, however, with the trial court's decision that the corpus of Walter's trust share could vest within the time limitation of the statute. The provisions for vesting upon Walter's death cannot come into play until the Testator's youngest grandchild has attained the age of twenty-five (25) years. The wording of Item 3(E) permits no dispute. "* * * when my youngest grandchild reaches the age of twenty-five years, said Trust shall terminate as to two-thirds (⅔), * * * shall be divided * * *; one-third (⅓) of the corpus of said Trust * * * *shall be continued* * * *." (Emphasis added.) Said one-third (⅓) continued share is then to be distributed upon the death of Walter. The use of the word "continued" as to the one-third share following the provisions for termination as to the two-thirds share permits no conclusion other than that the one-third share will not vest until some time subsequent to the vesting of the two-thirds share. Obviously, if the corpus of two-thirds cannot vest within the time allowed, and the vesting of the remaining one-third may be deferred until an even later date, the gift of the one-third interest fails for the same reason as does the gift of the two-thirds interest.

 "Where an entire gift or devise of property is made in such a way that to carry it out a perpetuity may be created, the orthodox rule causes such property to go to the residuary estate, or to the heirs or next of kin, * * *." 61 Am.Jur.2d *Per-*

*petuities* § 86, p. 94. Here, the intended trust was of the entire estate and the will made no alternative provision. There is no alternative to the conclusion that Newell Merrill died intestate, and we so hold. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to vacate its order of November 12, 1982 denying the motion of the Petitioners (Appellants) Dennis A. Merrill, Co-Executor, et al. to correct errors and for further proceedings consistent with this opinion.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.