Zilpha BROWN, Appellant
(Plaintiff Below),

v.

AMERICAN FLETCHER NATIONAL BANK, as Trustee of August J. Schneider Testamentary Trust; Guy Allen Brown; Danny J. Brown, Barry Jo Brown; and After-born children of Norman S. Brown and Nancy Brown, Appellees (Defendants Below).

No. 49A02–8707–CV–264.

Court of Appeals of Indiana,
Third District.

Feb. 15, 1988.

Rehearing Denied March 28, 1988.

Donald L. Adams, Adams & Commons, Indianapolis, for appellant.

Francis J. Feeney, Jr., Joseph J. Straub, Feeney & Ward, Indianapolis, for appellee American Fletcher Nat. Bank.

HOFFMAN, Judge.

Zilpha Brown appeals the summary judgment granted in favor of American Fletcher National Bank in its capacity as trustee of a testamentary trust established by Zilpha's father. This case involves no factual disputes and the sole legal issue raised is whether the terms of the trust violate the rule against perpetuities.

The pertinent parts of Zilpha's father's will are as follows:

### "ITEM IV

I direct that, after satisfying all the devises of this Will hereinabove made and after the payment of all administration expenses and death taxes as hereinabove provided, my Executrix shall deliver and convey all of my residuary estate wheresoever situated, including all property which I may acquire or become entitled to after the execution of this Will to The American Fletcher National Bank and Trust Company of Indianapolis, Indiana, as Trustee. Said American Fletcher National Bank and Trust Company of Indianapolis shall hold, manage and control all of the aforesaid property as a trust estate, with all of the rights and powers and subject to the limitations hereinafter enumberated [sic], for the following uses and purposes.

A. The trustee shall collect the income from the property comprising the trust estate, and remit the net income derived therefrom, in monthly or other convenient installments, to my daughter, Zilpha M. Brown, of Indianapolis, Marion County, Indiana, or apply the same for her benefit, so long as she shall live.

\*       \*       \*       \*       \*       \*

C. Upon the death of my daughter, Zilpha M. Brown, or upon my death in the event that the said Zilpha M. Brown does not survive me, the Trustee shall divide the principal of the trust estate, share and share alike, between my great-grandchildren, Guy Allen Brown, Danny Jay Brown and Barry Jon Brown, and any afterborn children born to the marriage of Norman S. Brown and Nancy Brown, all of Indianapolis, Indiana, or in the event that any of said great-grandchildren be not surviving, then to their respective issue or in the event said predeceased great-grandchildren die without issue, then said share shall be divided between the survivors equally.

(C–1) If at the time the principal of the trust estate is divided under Section C of this Item, there shall be any of my great-grandchildren, who shall have attained the age of twenty-five (25) years, the Trustee shall distribute to said great-grandchild his respective share. Until the time when each great-granchild attains the age of twenty-five (25) years, the Trustee shall pay the net income from the respective funds to said grandchild as the Trustee may deem advisable to provide properly for his welfare."

Zilpha's father died on May 3, 1969 and the probate court's decree of final distribu-

tion was made on September 1, 1970. Since that time Zilpha has been the life beneficiary of the trust established by the above language. She filed her complaint on October 23, 1986. Ultimately both parties filed motions for summary judgment, and, on April 21, 1987 the trial court entered judgment in favor of the trustee.

■ The rule against perpetuities is an ancient, but still vital, rule of property law intended to enhance marketability of property interests by limiting remoteness of vesting. L. Simes, *Law of Future Interests* § 121 (2d Ed. 1966). In Indiana this rule has been codified at IND. CODE § 32–1–4–1 (1982) and in pertinent part, the statute provides:

> "An interest in property shall not be valid unless it must vest, if at all, not later than twenty-one (21) years after a life or lives in being at the creation of the interest."

Over the years the exact application of this rule has generated much scholarship and litigation; however, in the present case it is only necessary to focus on a single aspect of the rule's operation.

Zilpha contends that her father's testamentary scheme violates the rule against perpetuities, because the great-grandchildren's interest will not necessarily vest within the mandatory 21 years. Specifically Zilpha argues that the trust provides for an impermissible 25–year gap between her own death and ultimate vesting in the great-grandchildren. In reaching her conclusion, Zilpha places heavy reliance on the case of *Merrill v. Wimmer* (1985), Ind., 481 N.E.2d 1294, which she characterizes as factually indistinguishable from the present case. On the contrary, analysis reveals that the testamentary scheme in this case does not violate the rule against perpetuities and that Zilpha has misinterpreted *Merrill, supra.*

■ At the core of Zilpha's argument is an apparent misunderstanding as to exactly when an interest vests. In general, the word "vest" is used to mean either a vesting in possession or a vesting in interest. *Busick v. Busick* (1917), 65 Ind.App. 655, 115 N.E. 1025. Vesting in possession connotes an immediate, existing right of present enjoyment, while vesting in interest implies a presently fixed right to future enjoyment. *See e.g. Black's Law Dictionary* 1401 (Rev. 5th Ed. 1979). In the context of the rule against perpetuities, the majority interpretation is that for an interest to vest within the meaning of the rule, the interest must be vested in interest. L. Simes, *Law of Future Interests* § 127 (2d ed. 1966). This is the interpretation that Indiana employs, and the fixed right to receive income sufficiently establishes that an interest is vested. *Snouffer, etc. v. Peoples Trust and Sav. Co.* (1965), 140 Ind.App. 491, 212 N.E.2d 165. In the present case there is a possibility that the great-grandchildren will not obtain actual possession of the trust principal for more than 21 years after creation of the trust. Nonetheless, by the terms of the trust, upon Zilpha's death each great-grandchild obtains an immediate right to receive income, and an absolute right to ultimately receive a share of the trust principal. Thus each great-grandchild's interest in the trust principal must vest within the required 21 years.

Zilpha also argues that *Merrill, supra,* compels a reversal here. She points out that the trust at issue in *Merrill,* violated the rule against perpetuities, and she contends that *Merrill* is factually indistinguishable from the present case. On the contrary, while the trust in *Merrill* is superficially similar to the present case, the two trusts are fundamentally different.

In *Merrill,* the settlor gave the trust income to his children for their lives. Then when the settlor's youngest grandchild reached the age of 25 the trust terminated and the principal was distributed. Although likely not the settlor's original intent, the trust in *Merrill* permitted a possible 25–year gap between the death of the last child and vesting in the grandchildren. There was no provision for distributing income during this period; the primary precondition to vesting of the grandchildren's interest was surviving for 25 years. This suspension of vesting beyond 21 years is

clearly prohibited by the rule against perpetuities, and is not present in this case.

Zilpha's final argument is that her father's trust violates the rule against perpetuities, because of the provision for after born great-grandchildren. Paragraph C of the above-quoted testamentary plan includes as beneficiaries, the named great-grandchildren and "any afterborn children born to the marriage of Norman S. Brown and Nancy Brown...." Zilpha argues that because of this inclusion, the class of beneficiaries cannot close until the death of either Norman or Nancy Brown. This, Zilpha contends, further extends vesting beyond the permissible time limit.

In contrast, the trustee argues that only great-grandchildren born between the settlor's death and Zilpha's death are included within the class of after born children. The trustee contends that later born children would not be included, because on Zilpha's death the trust principal is to be divided into separate, individual trusts for each great-grandchild and there is no provision for a redivision to include a later born child.

Regardless, it is unnecessary to decide between these interpretations, because the resolution of this case is the same in either situation. In either case, the great-grandchildren will obtain a vested interest in the trust within a life in being plus 21 years. Under Zilpha's scenario the great-grandchildren will receive a vested interest in the trust income no later than the death of Norman or Nancy Brown who are lives in being. Under the trustee's interpretation the great-grandchildren obtain a vested interest on Zilpha's death. In either situation the rule against perpetuities is not violated and the trial court is affirmed.

Affirmed.

CONOVER and BUCHANAN, JJ., concur.