DAVID R. NASH *vs.* JOSHUA NASH & others.

A testator devised the use of his real estate to his wife during her life, and at her death the fee to such of his children as might be then living, share and share alike. *Held*, that the interest of one of the children, before the death of the widow, would pass to his assignee in bankruptcy, under the United States bankrupt act of 1841, and that such child could not thereafter maintain a petition for partition to have his share therein set out to him, within two years after the widow's death, although it did not appear that the assignee ever availed himself thereof.

PETITION FOR PARTITION, entered at April term 1860, of certain real estate in Boston devised to the petitioner and respondents by the will of their father, Joshua Nash, who died in 1828, leaving a widow and seven children. The portions of the will material to the present case were as follows :

" I give to my wife, Mary Giles Nash, the use, income and improvement of all my estate, real, personal and mixed, during her life, provided she does not marry again ; subject, however, to the expense of the education, support and maintenance of such of my children as may be minors at the time of my decease, until they arrive at the age of twenty-one years." " And in case of the death of my said wife without her having been again married, I give and bequeath the whole of my estate at her decease to such of my children as may be then living, share and share alike." " And I do hereby will and direct that my estate shall not be so divided until my youngest children or child shall have arrived at the age of twenty-one years, making my estate chargeable with the expense of education, support and maintenance of such minors or minor."

At the trial in the superior court, before *Lord*, J., without a jury, it appeared that one of the children died in 1839, unmarried and leaving no issue ; that the widow of the testator died

February 28th 1859; and that the petitioner was declared a bankrupt in 1842 under the United States bankrupt act, and obtained his discharge in the same year. The interest of the petitioner in the above real estate was included in his schedule of property, filed in the proceedings in bankruptcy, being there described as subject to certain mortgages, but it did not appear whether or not the assignee ever realized anything from the same, or in any way availed himself thereof.

The petitioner contended that under his father's will he took a contingent remainder, or by way of executory devise, which did not pass to his assignee; but the judge ruled that he took an alienable estate, which did pass to his assignee; and thereupon the judge found for the respondents, and the petitioner alleged exceptions.

*J. G. Jackson,* for the petitioner. The estate of the petitioner was a contingent remainder, which could not vest in him or be conveyed away until his mother's death. *Olney* v. *Hull,* 21 Pick. 311. *Holm* v. *Low,* 4 Met. 201. *Hall* v. *Chaffee,* 14 N. H. 215. If not a contingent remainder, it was an executory devise. *Nightingale* v. *Burrell,* 15 Pick. 104. 4 Kent Com. (6th ed.) 291. It did not pass by the assignment under the United States bankrupt act. *Krumbaar* v. *Burt,* 2 Wash. C. C. 406. If it did pass, the assignee must take possession within two years or be barred. U. S. St. of 1841, *c.* 9, §§ 8, 10. *Harris* v. *Collins,* 13 Alab. 388. *Rugely* v. *Robinson,* 19 Alab. 404. It does not appear that the assignee ever took possession of the petitioner's interest, and neither the assignee nor any one for him can now set up a claim to it.

*G. S. Hale & F. Goodwin,* for the respondents. The estate of the petitioner was a vested remainder. *Blanchard* v. *Blanchard,* 1 Allen, 223, and cases cited. *Moore* v. *Lyons,* 25 Wend. 119. *McLachlan* v. *Taitt,* 3 Law Times, (N. S.) 492. *Jackson* v. *Dover,* 10 Law Times, (N. S.) 489. *Re Baxter's Trusts,* Ib. 487. *Re Allen,* Ib. 812. His interest passed by the assignment in bankruptcy. *Higden* v. *Williamson,* 3 P. W. 132. *Anon.* Lofft, 71. *Smith* v. *Coffin,* 2 H. Bl. 444, 461. *Gardner* v. *Hooper,* 3 Gray, 398. *Winslow* v. *Goodwin,* 7 Met. 363.

HOAR, J. The devise under the will of Joshua Nash, being to such of his children as should be living at the decease of their mother, was a contingent and not a vested interest during her life. Whether such an interest would pass to an assignee in bankruptcy under the United States bankrupt act of 1841, is the principal question to be decided. That it would pass to the assignees under the English bankrupt acts is very clear. *Higden* v. *Williamson*, 3 P. W. 132. The language of those acts is very comprehensive, and includes every interest of a bankrupt which he might part with, or from which he might have a possibility of profit. Under our own statute of insolvency, it has been held that a similar interest would pass to the assignee; that it is not a mere possibility, though contingent in its nature, but an interest " descendible, transmissible and assignable." *Gardner* v. *Hooper*, 3 Gray, 398. *Winslow* v. *Goodwin*, 7 Met. 363.

The only case to the contrary which has been cited is *Krumbaar* v. *Burt*, 2 Wash. C. C. 406. That case was decided upon the language of the United States bankrupt act of 1800, distinguishing it from the stronger language of the English statutes; and the court held that such a contingent interest " forms no part of the estate of the bankrupt, to which he is entitled in law or equity, of which the commissioners can take possession under the 5th section of the bankrupt law of the United States; " nor did it " vest in the bankrupt, previous to his certificate, so as to be embraced by the 50th section; " citing the express words of the act, which did not embrace such a contingent interest.

The phraseology used in the act of 1841 is different, and, as we think, of larger significance. The third section provides " that all the property, and rights of property, of every name and nature, and whether real, personal or mixed, of every bankrupt," shall be vested in his assignee; and the assignee is " vested with all the rights, titles, powers and authorities to sell, manage, and dispose of the same, subject to the orders and directions of such court, as fully, to all intents and purposes, as if the same were vested in, or might be exercised by, such bankrupt before or at the time of his bankruptcy." By the first

section the, bankrupt is required to make an inventory of his " property, rights and credits, of every name, kind and description." A contingent interest which nothing but the death of the bankrupt can prevent vesting in him may without any forced construction be regarded as a " right of property ; " and we are of opinion that it is included in the terms and the meaning of the statute, and passes to the assignee.

In *Krumbaar* v. *Burt*, Mr. Justice Washington expressed his surprise that congress, with the English statutes of bankruptcy before them, should not have made use of more comprehensive terms in the act of 1800. The omission which he then found is supplied by the concise but broader phrase of the act of 1841.

The only remaining ground upon which the petitioner has attempted to support his exceptions is found in the provisions of the 8th and 10th sections of the bankrupt act. But neither of these will be found applicable to the case. Section 8 provides that no suit shall be brought by or against the " assignee, or by or against any person claiming an adverse interest touching the property and rights of property " assigned, " unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued." But as the contingent interest of the petitioner passed to the assignee, no process for partition could be maintained until the death of the testator's widow in 1859 ; and this suit was commenced in 1860. Besides ; there is nothing in the case to show that the title of the other tenants is adverse to the title of the assignee, or that any suit is necessary to maintain his right.

The 10th section has nothing in it which bears upon the case, except the general direction that the proceedings in bankruptcy shall, if practicable, be closed within two years. It does not affect the assignee's title to property.

The exceptions are therefore overruled.