HAMILTON *v.* WILLIAMS ET AL.

[No. 16,572. Filed December 5, 1941. Rehearing denied April 15, 1942.]

*Ryan & Ryan* and *Robison & Robison,* all of Frankfort, for appellant.

*Harker & Irwin,* of Frankfort (*Herget & Hoffman,* of Peoria, Illinois, of counsel), for appellees.

CURTIS, J.—Gertrude H. Williams, executrix of the will of Peter T. Hawley, filed a suit to sell the real estate of said decedent pursuant to the terms of his will, making defendants to said suit those whom she deemed might claim any interest in the proceeds of such sale under said will. The real estate was ordered sold, and the court at that time reserved for future decision the question of the interest of the parties in the proceeds. There is no question herein raised as to the proceedings up to that point. The appellant then filed a petition asking the court to adjudge him as having an interest

in the proceeds under said will and for a distributive share of said proceeds. To this petition the executrix filed an answer in general denial and a cross-complaint asking that the appellant be adjudged to have no interest in the said proceeds and that said proceeds be ordered distributed to those persons named in her said cross-complaint.

Upon the issues thus joined, the trial court decided adversely to the appellant and in favor of said executrix. The judgment and decree was that the appellant take nothing by reason of his petition for a distributive share and that the distribution as prayed for by the executrix in her cross-petition be made. The distribution as prayed for by the executrix in her said cross-complaint, and as approved by the court, excluded the appellant from any distribution. In due time the appellant filed his motions for a new trial, which were overruled with exceptions reserved.

The errors relied upon for reversal by the appellant are:

"1. The court erred in overruling Appellant's motion for new trial filed on October 18th, 1939.
"2. The court erred in overruling Appellant's motion for new trial, paragraph two, filed October 27th, 1939.
"3. The court erred in overruling Appellant's motion for new trial."

The causes or grounds in said motions, relied upon by the appellant, may be summarized as follows:

That the decision of the court is not sustained by sufficient evidence, and is contrary to law.

If the appellant was entitled to a distributive share of the proceeds of the sale of the said real estate under said will, then the decision of the trial court is erroneous, otherwise it is correct.

Much of the controversy revolves about Items 5 and 6 of the will of the said decedent, Peter T. Hawley, which we quote as follows:

"Item 5: I also give, devise and bequeath unto my said wife, Anna M. Hawley, to have and to hold during the term of her natural life only, all the real estate I may own at the time of my death. After the death of my said wife, Anna M. Hawley, I direct that my executrix hereinafter named, shall sell all of my real estate, but that my nephew, Charles O. Hawley, or in case he is dead, his wife Edith Hawley, shall have the privilege, to be exercised within three years after my death, of purchasing the Southeast Quarter of Section Thirty-six (36) and the Southeast Quarter of the Northeast Quarter of Section Thirty-six (36), all in Township Twenty-one (21) North, Range One (1) East, containing in all two hundred acres (200) more or less, in Clinton County in the State of Indiana, or such part thereof as I may still own at the time of my death, for the sum of One Hundred twenty-five Dollars ($125) per acre, to be paid to said executrix. From the proceeds of my real estate so to be sold by my said executrix I direct that she first pay to my brother, Charles Burt Hawley, if he is living at the time of the death of my wife and myself, the sum of Two Thousand Dollars ($2000.). The balance of the proceeds of my said real estate, or if said Charles Burt Hawley is dead, then all of the proceeds of my said real estate shall be distributed by by said executrix, share and share alike, to the following named persons: Charles O. Hawley, or if he is dead, to his wife Edith Hawley, William G. Hawley, Roy Hawley, May Hawley Oliver, Lila Hawley, Ethel Hawley, Grace Hawley Tait, Edward Burt Hawley. In case the said Charles O. Hawley and his wife are both dead before the death of my wife and myself then I direct that the share so given to him or her shall be taken by their descendants. In case the said William G. Hawley, May Hawley Oliver, Lila Hawley, Ethel Hawley, Grace Hawley Tait or Edward Burt Hawley shall die before the death of my said wife and myself then I direct that the share of

the one so dying shall go to his or her descendants, if any such descendants are living at the time of the death of my said wife and myself, or the survivor of us. If no such descendant or descendants are living of such deceased person, then his or her share shall be divided among my nephews, and nieces mentioned in this item, then living.

"Item 6: Where descendants of a deceased niece or nephew are to take under this Will, the children of such deceased niece or nephew shall take his or her share in equal parts and if there is a deceased child of such deceased niece or nephew, the descendants of such deceased child shall take their deceased parent's share in equal parts."

The appellant was the husband of Lila Hawley, named in said Item 5 of said will. She died intestate on the 18th day of February, 1938, leaving no father, nor mother, nor child, nor descendant of any deceased child surviving her, but leaving as her sole and only heir at law the said petitioner. The widow of the said Peter T. Hawley, to wit, Anna M. Hawley, died on the 1st day of March, 1938, which was a few days after the death of said Lila Hawley (Hamilton).

The evidence consists solely of the stipulations of the parties, and is therefore in no wise in dispute. All debts and liabilities of the estate have been paid save and except the expenses of administration, inheritance tax, gross income tax, expense of sale of real estate, and other items properly chargeable to the administration of said estate, and there is a balance left in the hands of the said executrix for distribution under said Items 5 and 6 of said will.

It is appellant's contention that the said will of Peter T. Hawley gave Lila Hawley (Hamilton), his niece, a vested absolute title to an interest in said proceeds upon her surviving said testator, and that upon her death the appellant took her interest as her sole heir.

It is to be noted that Peter T. Hawley's wife survived him and died March 1st, 1938, and that the appellant's wife and all the other nephews and nieces survived the testator; that Lila Hawley (Hamilton), appellant's wife, survived Peter T. Hawley but died on February 18th, 1938, before the death of Peter T. Hawley's widow. In support of the said contention, the appellant argues that the words of the testator were used in their strict and primary acceptance, and should be construed to vest an estate as early as possible. They overlook, however, the primary object in the construction of all wills, to wit: to discover and give effect to the testator's intention unless to do so would violate a positive rule of law or the public policy.

It is the appellee's contention that under the terms of the will, Lila Hawley (Hamilton) having died prior to the death of the testator's wife, Anna M. Hawley, without leaving any father or mother or any descendants then living, her interest under said will was by the provisions of the will taken by the testator's other nieces and nephews then living, and particularly as provided by the last sentence of Item 5 of said will. The appellee points out the cardinal rule of construction that the intention of the testator, as evidenced by the will, controls the distribution of his property, and that technical rules give way to this cardinal principle, and that all parts of the will are to be construed together in relation to each other, and that words and limitations may be transposed, supplied or rejected when warranted by the context or by the general scheme of the will, and cites the following cases: *Grise, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 11 N. E. (2d) 146; *Grimes' Executors* v. *Harmon* (1871), 35 Ind. 198; *McCoy* v. *Houck* (1913), 180 Ind.

634, 99 N. E. 97; 28 R. C. L. 225; *Cooper* v. *Hayes* (1884), 96 Ind. 386; *Ridgeway* v. *Lamphear* (1885), 99 Ind. 251; *Shimer* v. *Mann* (1884), 99 Ind. 190; *Hoke* v. *Jackson* (1914), 182 Ind. 536, 107 N. E. 65; *Hardy* v. *Smith* (1919), 71 Ind. App. 688, 123 N. E. 438; 25 L. R. A. (NS) 1153. The appellee further points out that while an ambiguity in the testator's intention may call for the application of rules of construction that, that is not true where the ambiguity arises alone from technical language used in the will and that this is particularly true where there is no ambiguity regarding the testator's intention, and that if the testator's intention, as expressed in the will, is clear then there is no need for the application of any special rules of construction.

We think it is apparent from the reading of the testator's will that the scheme and plan of the will is to the effect that the beneficiaries shall be determined at the death of his wife in case his wife survives him; that at the time the will was written both the testator and his wife were living, and that the testator could not at that time determine which would survive the other, and that the use of the words "death of my wife and myself," used several times in the will, clearly indicates that the testator intended that the ultimate ownership of his estate should not be vested in any person other than himself and his wife until such time as they were both dead. We also think that the testator's intention is clearly shown in the last two sentences of Item 5 of said will, for here he adds to the language already used, to wit, "my said wife and myself," the additional words "or the survivor of us." He then says, "If no such descendant or descendants are living of such deceased person, then his or her share shall be divided among my

nephews, and nieces mentioned in this item, then living." We think there could be no doubt but that the words "then living" referred to those living "at the time of the death of my said wife and myself, or the survivor of us." It seems also clear that the testator desired that his wife should be provided for if she survived him, and that when they were both dead that the proceeds should go to his blood relatives then living, with the one exception noted in the will, but which one exception does not include the appellant. The appellant here is not a blood relative of said decedent.

Upon a study of the will as a whole, it is our conclusion that the trial court reached the correct result herein, and that the judgment should be affirmed. It is so ordered.

NOTE.—Reported in 37 N. E. (2d) 695.