CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* BEISEL ET AL.

[No. 18,264. Filed May 23, 1952.]

*Harker & Irvin,* of Frankfort, and *J. Arden Rearick,* of Lafayette, for appellant.

*Robert K. Ryan,* of Frankfort, for appellees.

BOWEN, C. J.—This is an appeal from a judgment in an action for an injunction in which the appellees sought to enjoin the appellant from barring or destroying an underpass and cattle crossing located beneath the road bed and rails of the appellant in Clinton County, Indiana. The complaint alleged that the defendant threatened to remove the underpass and to

replace the same with a culvert or tile suitable only for the purpose of drainage and that such acts would destroy the use of said underpass.

The cause was submitted to the court for trial, and the court found for the appellant and against said appellees, Maurice E. Beisel and Edith E. Beisel, and against the appellant and for the appellees, Emmett Beisel and Geraldine Chittick.

The appellee plaintiffs, Emmett Beisel and Geraldine Chittick, for whom the court found, were the owners of an interest in the real estate on the west side of the railroad adjoining the underpass in question by reason of inheritance from the estate of Henry D. Beisel, and by virtue of Item 10 of his will, subject to the life estates of Maurice E. Beisel, the son of Henry D. Beisel, and his wife, Edith Beisel. The land on the east and west sides of the railroad tracks adjoining the underpass in question was originally owned by Henry D. Beisel, and he devised such real estate by the terms of Item 10 and Item 11 of his will which are as follows:

"ITEM 10:—I give and devise to my son, Maurice E. Beisel, the same to have and to hold for and during the period of his natural life, the following described real estate in Clinton County, in the State of Indiana, to-wit:

"All that part of the south half of the southwest quarter of Section 8, in township 22 north, range one west that lies west of the right of way of the Chicago, Indianapolis, and Louisville Railway Company, containing 60 acres, more or less.

"At the death of my said son, Maurice E. Beisel, it is my will, should his wife, Edith Beisel, be then living, that she have and take said above described real estate, and I hereby give and devise the same to said Edith Beisel for and during the period of her natural life. And at the death of said Edith Beisel, should she survive my said son, Maurice E. Beisel, or at his decease, should he survive his said

wife, then it is my will that said real estate go to and I hereby give and devise the same share and share alike to the children of my said son, Maurice E. Beisel, living at the death of the survivor of said Maurice E. Beisel and his said wife, Edith Beisel, share and share alike, and should any of the children of my son, Maurice E. Beisel, and his wife, Edith Beisel, die prior to such time leaving a descendant or descendants surviving, then the descendant of such deceased child or children shall take the share or shares their parent or parents would have taken if living.

"And in the event my said son, Maurice E. Beisel, and his said wife, Edith Beisel, should die leaving no child or children them surviving, nor the descendants of any deceased child or children, then it is my will that the real estate in this item described shall be sold and I hereby direct my executor to sell the same and the proceeds therefrom shall be divided share and share alike among my grandchildren living at said time, and the descendants of such as may have died prior thereto."

"ITEM 11:—I give and devise to my son, Bertice C. Beisel, the same to have and to hold for and during the period of his natural life only the following described real estate in Clinton County, in the State of Indiana, to-wit:

"All that part of the south half of the southwest quarter of Section 8 in Township 22 North, Range 1 West, lying east of the right of said Chicago, Indianapolis, & Louisville Railway Company, containing 18 acres, more or less, and containing in all 58 acres, more or less.

"At the death of my said son, should his wife, Emma Beisel, survive him, it is my will that said real estate go to and I hereby give and devise the same to Emma Beisel, wife of my said son, Bertice C. Beisel, the same to have and to hold for and during the period of her natural life. And at the death of said Emma Beisel, should she survive my said son, Bertice C. Beisel, or at his death, in the event he should survive his said wife, Emma, I give and devise said real estate to the child or children of said Bertice C. Beisel, and his wife,

Emma Beisel, share and share alike. My said son, Bertice C. Beisel and his wife, Emma Beisel, now have no child or children and in the event no child or children should be born to my said son and wife, and no such child nor the descendants of any such child should survive my said son and his wife, then it is my will that said real estate, at the death of the survivor of my son, Bertice C. Beisel and his wife, Emma, shall be sold by my executor hereinafter named and the proceeds thereof shall be divided share and share alike among my grandchildren living at such time and the descendants of such as may have died prior thereto share and share alike."

In 1881, the said Henry D. Beisel conveyed the title to a strip of land through farm lands at that time owned by him to appellant's predecessor, which deed contained the following words after the granting clause: "Accepting and reserving for the use of the grantor the timber thereon and the grantee to build and maintain fences, and crossings, and cattle guards."

Pursuant to the covenant with reference to crossings and cattle guards, in 1906, a stone box structure was constructed by appellant beneath its right-of-way which was sufficient to permit the passing of cattle and livestock from the east side to the west side of the railroad, and adjoining the two tracks of land originally owned by Henry D. Beisel. Henry D. Beisel died testate on December 30, 1936. Appellee, Maurice E. Beisel, is a son of Henry D. Beisel, and appellee, Edith Beisel, is the wife of Maurice E. Beisel, and the appellees, Emmett Beisel and Geraldine Chittick, are the children of appellees, Maurice E. Beisel and Edith Beisel.

A covenant in a deed conveying a right-of-way to a railroad company whereby the company is obligated to

maintain a means of crossing, runs with the land and inures to the covenantee's successor. *Pittsburgh, etc., R. Co.* v. *Kearns* (1915), 58 Ind. App. 694, 108 N. E. 873; *Pittsburgh, etc., R. Co.* v. *Kearns* (1921) (Transferred), 191 Ind. 1, 128 N. E. 42; *Pittsburgh etc., R. Co.* v. *Wilson* (1904), 34 Ind. App. 324, 72 N. E. 666; *Pittsburgh etc., R. Co.* v. *Wilson* (1910) (Retrial), 46 Ind. App. 444, 91 N. E. 725; *Chicago etc., R. Co.* v. *McEwen* (1904), 35 Ind. App. 251, 71 N. E. 926.

While the authorities are divided on the question, this state adheres to a qualification and limitation of this rule to the effect that the easements for farm crossings across a railway's right-of-way that are created by covenants contained in conveyance by virtue of which railroad companies hold such right-of-ways, are not transmitted to grantees of separate tracts in case there is a severance of the ownership of divided farm land. *Vandalia Railway Co.* v. *Furnas* (1914), 182 Ind. 306, 106 N. E. 401.

The legal proposition which we are called upon to determine by reason of the assignments of error is whether the plaintiffs have such an interest in the two tracts on each side of the railroad as to entitle them to the relief sought in the complaint. It is clear that the appellees, Maurice Beisel and Edith Beisel, against whom the court rendered judgment, had no interest whatsoever in the land described in Item 11 of Henry D. Beisel's will and lying to the east of appellant's right-of-way. Therefore, they cannot predicate any rights as to crossings and cattle guards upon the covenant contained in the deed given by Henry D. Beisel to the appellant railroad company's predecessor.

The question remains then whether appellees, Emmett Beisel and Geraldine Chittick, have such an

interest in the real estate located on both sides of such railroad track, by reason of the provisions of Item 10 and Item 11 of the will of Henry D. Beisel, to entitle them to the benefit of the covenant as to crossings and cattle guards contained in the deed of Henry D. Beisel by which he conveyed such property to appellant's predecessor in title.

The appellant contends that Henry D. Beisel for the purpose of inheritance established in his last will and testament two separate and distinct inheritances in the lands that had been owned by him. That the lands lying to the west of appellant's right-of-way comprised one distinct inheritance. That the field lying to the east of appellant's right-of-way was originally a part of the tract lying to the west of appellant's right-of-way, but as a matter of equalizing the inheritance in the will, said field to the east of appellant's right-of-way was severed from the tracts lying to the west of appellant's right-of-way and became a part and was included with other lands owned by Henry D. Beisel which were described and devised in Item 11 of the will of Henry D. Beisel in a second and separate inheritance.

The appellant contends that the interest of appellees, Emmett Beisel and Geraldine Chittick, in the real estate in question, is a contingent remainder, and that it is not such an interest in such real estate, as to entitle them to the benefits of the covenant in the deed conveying the right-of-way.

The appellees, on the other hand, contend that there has been no such severance of title of the two tracts lying on both sides of the railroad as would extinguish the easement and bar the appellees, Emmett Beisel and Geraldine Chittick, from the covenant contained in the deed as to the railroad's underpass.

It is necessary, therefore, for this court by reason of the issues raised, to determine the nature of the interest which Emmett Beisel and Geraldine Chittick held in the real estate on both sides of the railroad right-of-way.

The legal propositions upon which a decision in this case must rest is whether the interests of appellees, Emmett Beisel and Geraldine Chittick, under Items 10 and 11 of the will, in the real estate located on the east and west sides of the railroad right-of-way were vested remainders or only contingent remainders. If the interests of such parties on either side of the railroad right-of-way were not vested, but amounted only to contingent remainders, there would be a severence of title in the land on the east side of the railroad right-of-way from the land located on the west side of such right-of-way which would extinguish any right to an easement and interest based upon the deed covenant in question as to a stock crossing. *Vandalia Railroad Co.* v. *Furnas, supra.*

A vested remainder is an estate in land while a contingent remainder is merely the possibility or prospect of an estate which exists when what would otherwise be a vested remainder is subject to a condition precedent, or is created in favor of an uncertain person or persons. Gavit, *Future Interests in Indiana,* 3 I. L. J. 627, 632; *Tiffany, Real Property,* 1940 Abr. Ed., p. 229.

The law favors the vesting of estates, and it is a well-settled rule that a will will not be construed as creating a contingent remainder if it can possibly be construed as creating a vested one. *Stephens and Another* v. *Evans, Admx.,* (1868), 30 Ind. 39; *Watson* v. *Tracy* (1921), 77 Ind. App. 163, 133 N. E. 411; *Hackleman* v. *Hackleman* (1928), 88

Ind. App. 204, 146 N. E. 590; *Schofield* v. *Green* (1944), 115 Ind. App. 160, 56 N. E. 2d 506. However, contingent remainders are lawful, and if a testator by unambiguous language, creates a contingent remainder, it is the duty of the court to uphold it. *Jarman on Wills,* Vol. 1, p. 756, et seq.; *Kent's Commentaries,* Vol. 4, §204, p. 244; *In re Whitney's Estate* (1917), 176 Cal. 12, 167 Pac. 399; *Mettler* v. *Warner* (1910), 243 Ill. 600, 90 N. E. 1099; *Doe, Lessee of Poor* v. *Considine* (1867), 6 Wall. (U. S.) 458; *Bruce* v. *Bissell* (1889), 119 Ind. 525, 22 N. E. 4.

Some of the earlier Indiana cases, *Davidson* v. *Koehler* (1881), 76 Ind. 398, and *Davidson* v. *Bates* (1887), 111 Ind. 391, 12 N. E. 687, held remainders vested which were clearly contingent. However, the later cases have clearly held that where the intention of the testator is clear and unambiguous to create a contingent remainder it must be given effect. Judge Richman in *Leeds* v. *Leeds* (1945), 223 Ind. 593, 63 N. E. 2d 541, in discussing the provisions of a deed which contained the words, ". . . . to Fannie Pate . . . . during her natural life, and then to the children of her body that may survive her," stated: ". . . . A future interest was created which under common law terminology was a contingent remainder. The Restatement calls it a remainder subject to a condition precedent. Restatement of the Law—Property, ch. 7, §157, note p. 542; Comment on Clause (d), p. 561, *et seq.* There were several uncertainties, the last of which, survival, could not be resolved until the death of the life tenant. *Eo instanti* the remainder vested in appellee Richmond P. Leeds. The intention of the grantors is clear and must be given effect, citing authorities."

In *Hackleman* v. *Hackleman, supra,* the words of the devise in the will were: "I give and bequeath unto

all my children that may be living at the death of my wife, Nancy, all my property that may be remaining, to be divided in equal parts among them."

The court in this case held that such words created contingent remainders in favor of his children rather than vested remainders. On petition for rehearing on page 214 of the decision, the court draws the distinction between cases where the devise over is to a class in which cases vested remainder are created, and the facts of the Hackleman case in the following words: ". . . . In the Hackleman will, the devise over is not to testator's children as a class, but to such of the testator's children as should be living at the time of the death of the life tenant. . . . To become a remainder-man under the Hackleman will, the child of the testator must have survived the life tenant. Until the death of Hackleman's wife, it was uncertain who would survive her, and in that lay the contingency on which rested the vesting of the remainder."

In the case at bar, the appellees, Emmett Beisel and Geraldine Chittick, are the children of Maurice E. Beisel and the grandchildren of the testator. Whatever interest they have acquired in the real estate on the west side of the right-of-way is derived from Item 10 of the will of their grandfather, Henry D. Beisel, which provides for life estates to Maurice E. Beisel, and his wife, Edith Beisel, and the words creating the interests of appellees are as follows:

". . . . And at the death of said Edith Beisel, should she survive my said son, Maurice E. Beisel, or at his decease, should he survive his said wife, then it is my will that said real estate go to and I hereby give and devise the same share and share alike to the children of my said son, Maurice E. Beisel, *living at the death of the survivor* of said Maurice E. Beisel and his said wife, Edith Beisel,

share and share alike, and should any of the children of my said son, Maurice E. Beisel and his wife, Edith Beisel, die prior to such time leaving a descendant or descendants surviving, then the descendant of such deceased child or children shall take the share or shares their parent or parents would have taken if living." (Our emphasis.)

The interests which such appellees, Emmett Beisel and Geraldine Chittick, hold in the real estate on the east side of the railroad right-of-way are created by Item 11 of their grandfather, Henry D. Beisel's, will. After devising a life estate to his son, Bertice C. Beisel, and uncle of the appellees, such Item provides:

"At the death of my said son, should his wife, Emma Beisel, survive him, it is my will that said real estate go to and I hereby give and devise the same to Emma Beisel, wife of my said son, Bertice C. Beisel, the same to have and to hold for and during the period of her natural life. And at the death of said Emma Beisel, should she survive my said son, Bertice C. Beisel, or at his death, in the event he should survive his said wife, Emma, I give and devise said real estate to the child or children of said Bertice C. Beisel, and his wife, Emma Beisel, share and share alike. My said son, Bertice C. Beisel and his wife, Emma Beisel, now have no child or children and in the event no child or children should be born to my said son and wife, and no such child nor the descendants of any such child should survive my said son and his wife, then it is my will that said real estate, at the death of the survivor of my son, Bertice C. Beisel and his wife, Emma, shall be sold by my executor hereinafter named and the proceeds thereof shall be divided share and share alike among my grandchildren *living at such time* and the descendants of such as may have died prior thereto share and share alike." (Our Emphasis.)

Under the decisions in this state and the great weight of authority of the decisions in this country, the words

of both Items 10 and 11 of Henry D. Beisel's will evidence an intention to create contingent remainders of plain and unequivocal language. *Hackleman* v. *Hackleman, supra; Schofield* v. *Green, supra; Leeds* v. *Leeds, supra.*

Cases from other jurisdictions holding that similar provisions of wills created contingent rather than vested remainders are numerous. *Haward et al.* v. *Peavey* (1889), 128 Ill. 430, 21 N. E. 503. A testator devised his estate in trust for the support of his widow and provided that on her death or marriage, the executor should divide her property among the testator's five children, or such of them as should then be living or the lawful issue of such as might be dead. The court in this case held that such provisions created a contingent rather than a vested remainder.

Other cases to the same effect and involving similarly worded wills are *Birdsall* v. *Birdsall* (1912), 157 Iowa 363, 132 N. W. 809; *Whitesides* v. *Cooper* (1894), 115 N. C. 570, 20 S. E. 295; *Nash* v. *Nash & Others* (1866), 94 Mass. 345; *McGillis* v. *McGillis* (1898), 154 N. Y. 532, 49 N. E. 145; *Hastings* v. *Hastings* (1877), 123 Mass. 158; *DeLassus* v. *Gatewood* (1880), 71 Mo. 371; *Faber* v. *Police* (1877), 10 Rich. (S. C.) 376; *Lane* v. *Patterson* (1912), 138 Ga. 710, 76 S. E. 47; *Nichols* v. *Guthrie* (1902), 109 Tenn. 535, 73 S. W. 107; *Hill* v. *Rockingham Bank* (1864), 45 N. H. 270; *Compton* v. *Rixey's Ex'ors.* (1919), 124 Va. 548, 98 S. E. 651.

Under Item 10 of such will, in order for the appellees to take they must have been living at the death of the surviving life tenant which was a condition precedent to the vesting of such remainders, and an uncertainty which could not be resolved until the death of the surviving life tenant.

Under Item 11 of the will by which the appellees claim an interest in the real estate on the east side of the railroad right-of-way, there were several uncertainties, and such appellees would take, if at all, as the grandchildren of Henry D. Beisel "living at such time". which under the will was the date of the death of the surviving life tenant. Under such conditions precedent, they would be entitled to share in the proceeds from an executor's sale of the real estate with the other living grandchildren, and the descendants of such as may have died prior thereto share and share alike. This item of the will created a contingent remainder which, under the authorities, is merely the possibility or prospect of an estate. This interest under Item 11 would not vest until after the happening of the condition precedent, that the devisee be living at the death of the surviving life tenant, and then under the provisions of the will, the appellees must share in the proceeds of the sale of the real estate unless all of the other grandchildren, along with appellees, agree to take the real estate in its original condition in lieu of the proceeds from the sale thereof. *Duckwall* v. *Lease* (1939), 106 Ind. App. 664, 20 N. E. 2d 204.

Therefore, the appellees having based their contentions upon the deed covenant, waiving their claims as to a right-of-way by prescription or necessity, we must conclude that Henry D. Beisel, by the plain and unmistakable language of his will, severed the ownership of real estate which .was originally owned by him on the east side and the west side of the railroad right-of-way, and that as a result of the contingencies created and attending the inheritance of each of the two tracts of land involved there is but a bare possibility that the ownership of the tracts will ever be united.

The lower court erred in overruling appellant's motion for a new trial.

Judgment reversed with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 106 N. E. 2d 117.