EPPLY ET AL. *v.* KNECHT ET AL.

[No. 20,546. Filed October 6, 1967. Rehearing denied November 8, 1967. Transfer denied January 23, 1968.]

*Stewart & Austin,* of Anderson, for appellants.

*Robert J. Eder,* of Rushville, for appellees.

COOPER, J—This is an appeal from an action brought by the Appellees in the Rush Circuit Court to partition certain real estate located in Rush County, Indiana. The Appellants were made parties defendant below upon the theory that they were claiming an interest in said real estate adverse to the Appellees.

After the proper issues were closed, the cause was submitted to the court for trial. The Court found the Appellees to be the owners of said real estate and that the Appellants had no interest therein. In due time, the Appellants filed their Motion for New Trial, which said Motion was overruled.

The causes in said Motion for New Trial relied upon by the Appellants may be summarized as follows: (1) That the decision of the court is not sustained by sufficient evidence, and (2) that the decision of the court is contrary to law.

The issue now before us is whether the Appellants were entitled to distributive shares of the real estate in question under the will of one Florence J. Knecht, deceased. If so, the decision of the trial court is erroneous; if not, the decision is correct.

It appears from the record that the evidence in this cause was wholly stipulated. The stipulated facts are as follows:

"1. That on the 1st day of April, 1945, Florence I. Knecht died the owner in fee simple of the following described real estate in Rush County, Indiana:

"The southeast quarter of Section nineteen (19) Township thirteen (13) North, Range ten (10) East, containing one hundred sixty (160) acres, more or less.

"Also, the east half of the northeast quarter of section thirty (30) Township thirteen (13) North, Range ten (10) east containing eighty (80) acres, more or less.

That this was the only real estate owned by the said Florence I. Knecht at her death.

"2. That Florence I. Knecht left a will which was duly probated and her estate was duly administered by William J. Knecht, Jr., her spouse and named executor of said will, and that said estate was closed by final decree of the Rush Circuit Court on the 2nd day of April, 1947.

"3. That a true and exact copy of the will of Florence I. Knecht is attached hereto, made a part hereof, and for identification is marked 'Exhibit A.'

"4. That William J. Knecht, Jr., held said real estate for his natural life pursuant to the terms of said will.

"5. That William J. Knecht, Jr., died on January 20, 1965.

"6. That Florence I. Knecht left surviving her at her death the following brothers and sisters:

> Hattie Kittinger
> Bertha J. Knecht (then Achor)
> Daisy Pollitt

That Florence I. Knecht's brother, Arthur Mozingo, died prior to her death and left surviving her at Florence I. Knecht's death the following children:

> James A. Mozingo
> Earl E. Mozingo
> Mildred M. Williams
> Florence Mozingo Dodson
> Jack A. Mozingo

That Florence I. Knecht's brother, Frank Mozingo, died prior to her death and at the death of Florence I. Knecht left surviving him the following children:

> Francis Mozingo
> William Mozingo
> Walter Mozingo

"7. That at the death of William J. Knecht, Jr., the following sisters of Florence I. Knecht survived:

> Bertha J. Knecht
> Daisy Pollitt

That Florence I. Knecht's nephew, Walter Mozingo, died after her death and before the death of William J. Knecht, Jr., leaving no children or descendants surviving him. That Francis Mozingo and William Mozingo survived William J. Knecht, Jr.

"8. That the following children of Arthur Mozingo survived William J. Knecht, Jr.:

> James A. Mozingo
> Earl E. Mozingo
> Jack A. Mozingo
> Mildren M. Williams

"9. That Florence Mozingo Dodson predeceased William J. Knecht, Jr., leaving surviving her the following children whose whereabouts are unknown:

Betty Ann Dodson
Norma Jean Dodson
James Earl Dodson
Ronald Jean Dodson
Paul Edward Dodson

"10. That after the death of Florence I. Knecht and before the death of William J. Knecht, Jr., Hattie Kittinger died. That during her lifetime Hattie Kittinger had two children, namely:

Mabel Eyre
Goldie McCord

That Goldie McCord died prior to the death of William J. Knecht, Jr., leaving no children or descendants surviving her. That prior to the death of William J. Knecht, Jr., Mable Eyre was the mother of Thelma Epply. That Thelma Epply died prior to the death of William J. Knecht, Jr., leaving surviving her, her husband, Keith Epply and her children, Kay Frances Dotson, Tom D. Epply and Barbara Epply.

"11. That at the time of making her will on September 17, 1931, the parents and grandparents of Florence I. Knecht were all deceased; that at no time during her lifetime did the said Florence I. Knecht have a child, either natural or adopted."

Item #2 of the Will of Florence I. Knecht, being pertinent to the issue to be decided is set out in its entirety, as follows:

"ITEM 2. I hereby will, devise and bequeath to my husband William J. Knecht, Jr., for and during his natural life, all the real estate owned by me at the time of my death, and at his death to go to my brothers and sisters then living, but should any one or more of my brothers and sisters be dead at the time of the death of my said husband, leaving a child or children living, then and in that event, the child or children of such brother or sister who may be dead, shall receive the share of my estate which would have been received by the father or mother of such child or children, had they been living at the time of the death of my said husband, with this exception only, that Mabel Eyre, the daughter of my sister, Hattie Kittinger, shall not receive any portion thereof, but such interest as she might have

received under the foregoing provision of my will shall go to and be the property of Thelma Epply instead. I further direct by this item of my will, that in case my said husband, William J. Knecht, Jr., die before my death, then my brothers and sisters or the child or children of such as may be dead, shall take said real estate in the proportion above set out, subject to the exception heretofore stated as to Mabel Eyre, the said Thelma Epply to receive that portion which the said Mabel Eyre would otherwise have received."

It is the Appellants' contention that the interests of the parties vested upon the death of the testatrix, Florence I. Knecht. We cannot agree with the Appellant.

In construing a will such as the one now before us, its provisions, as well as the intent of the testator, if manifested, must be considered. *Spence et al.,* v. *Second Nat'l Bank of Richmond, Indiana, Adm., etc., et al.,* (1955), 126 Ind. App. 125, 130, 130 N. E. 2d, 667; *Stinson, Administrator,* v. *Roundtree, Executor, et al.,* (1906), 168 Ind. 169, 78 N. E., 331, 80 N. E. 149; *Skinner, et al.,* v. *Spann, Exec.,* (1911), 175 Ind. 672, 93 N. E. 1061, 95 N. E. 243.

In arriving at the testatrix's intention, the will in all its parts must be considered together. It was the duty of the trial court and this court on appeal to consider also the circumstances under which the will was executed. In so doing, this court cannot overlook the fact that the will now under consideration used such terminology as "and at his death, (husband's, our insertion) to go to my brothers and sisters then living" and "shall receive the share of my estate which would have been received by the father or mother of such child or children, had they been living at the time of the death of my said husband."

To us, it seems quite clear that the time of the vesting of the estate, as fixed by the testatrix, was the date of the death of her husband. There is nothing that we can find in the verbage used in Item #2 from which we could, as a matter of law, infer that it was to take effect and vest at the time of the death of the testatrix. *Spence, et al., v. Second Nat's Bank*

*of Richmond, Indiana Admr., etc., et al., Supra; Hamilton* v.
*Williams, et al.,* (1941), 111 Ind. App. 148, 37 N. E. 2d 695.

". . . the intention which a court must carry into effect by
a judicial interpretation of a will is that intention which
is embodied in, and expressed by the language of
the will itself. The court cannot speculate upon an
intention not expressed nor plainly implied therein.
The inquiry therefore is never what the testator meant to
express but what the words used do express, when fairly
interpreted." *Lee et al.* v. *Lee* (1910), 45 Ind. App. 645, 91
N. E. 507; *Daugherty, Admr.* v. *Rogers* (1889), 119 Ind.
254, 20 N. E. 779; *Martin, et al.* v. *Raff, et al.* (1944), 114
Ind. App. 507, 515, 52 N. E. 2d 839; *Rodarmel, et al.* v.
*Gwinnup, et al.* (1930), 92 Ind. App. 684, 173 N. E. 327;
*Weishaar, et al.* v. *Burton, et al.* (1962), 132 Ind. App. 597,
604, 179 N. E. 2d 211.

In the particular cause now before us, and under the facts
presented, it affirmatively appears that we are dealing with
a class gift, the class being the brothers and sisters
of the testatrix living at the time of the death of her
husband, William J. Knecht, Jr., and the child or children
of any deceased brother or sister living at the time of
the death of her said husband. The general rule is that the
language of a general description creates what is known as a
class gift.

In Gavit's Indiana Law, *Future Interests, Wills, and Descent,* at page 157, we find the following statement:

"(c) Members included. All words of general description are necessarily somewhat ambiguous, so that there is
a frequent problem of interpretation in connection
with class gifts as to the exactness which was intended to be described.

"Thus 'heirs' has been held to be a gift to 'children' or to
'grandchildren'; and to include a widow. But 'children' has
been held to exclude 'grandchildren'. *Paugh et al.* v. *Paugh,
et al.,* supra."

The will in the cause now before us places a limitation of
the vesting and distribution upon the brothers and sisters

*living* and the *children* of those who are not living at the time of the death of the testatrix's husband, William J. Knecht, Jr., with the following one exception:

". . . that Mabel Eyre, daughter of my sister Hattie Kittinger, shall not receive any portion thereof, but such interest as she *might* have received under the foregoing provision of my will shall go to and be the property of Thelma Epply instead . . ."

It is to be noted with particular emphasis that the testatrix used the words "child or children" and not the word "heirs" or "descendants" in each instance with the exception to that pertaining to Hattie Kittinger and her share was to go directly to Thelma Epply, had she been living at the time of the death of William J. Knecht, Jr. It is also to be noted with emphasis that the testatrix did not use the words "child or children or heirs or descendants" in providing the contingent remainder to Thelma Epply.

The Appellants are the children and husband of Thelma Epply and thus, are not included in the language used by the testatrix in providing who was to share in the remaining property. The rule is that to be able to take, one claiming under a will must bring him or herself into that class. It appears to us that the language used by the testatrix is consistent and in harmony with that which denotes a contingent remainder. This court recognizes that it is the general rule that the law favors the immediate vesting of estates. It is also a well settled rule that the courts will not construe a will as creating a contingent remainder if it can be possibly construed as creating a vested one.

Contingent remainders are lawful, and, if a testator, by unambiguous language creates a contingent remainder, then it becomes the duty of the trial court and also this court to uphold it. See Section 56-139, Burns' Indiana Statutes, 1961 Repl.; *Spence, et al.*, v. *Second Nat'l. Bank of Richmond, Ind., Admr., etc.; et al.*, (1955) 126 Ind. App.

125, 132, 130 N. E. 2d, 667; *Chicago, Indpls. and Louisville Ry. Co.* v. *Beisel, et al.,* (1952) 122 Ind. App. 448, 106 N. E. 2d, 117. See also Thompson on Real Property, Third Edition Vol. 4A, Section 1990, P. 460; Tiffany on Real Property, Third Edition Vol. 2, section 321, p. 24.

The language of the testatrix's will shows that she specifically fixed a class to take the real estate involved in this cause at the time of the death of her husband, William J. Knecht, Jr. The testatrix, not having included child or children, heirs or descendants of Thelma Epply under the terms of the will now before us, they are in our opinion, not included in this particular class and are therefore not entitled to take under the testatrix's will.

We find no error in the judgment of the trial court, and the judgment is therefore affirmed.

Carson, P. J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 230 N. E. 2d 108.

STATUS AS OF
APRIL 1, 1945
UPON DEATH OF
FLORENCE KNECHT

APPENDIX A

( ) Deceased
\* Deceased Without Issue
\*\* Disinherited

STATUS AS OF
JANUARY 20, 1965
UPON DEATH OF
WILLIAM J. KNECHT

(Frank Mozingo)    (Arthur Mozingo)    (FLORENCE)    Bertha Knecht    (Hattie Kittinger)    Daisy Pollitt

Francis William (Walter).*

James Earl Jack Mildred (Florence Dodson)

(William J. Knecht, Jr.)

(Goldie McCord)*

Mabel Eyre**

(Thelma Epply)

Betty Norma Jean James Ronald Paul

Kay F. Dotson Tom D. Epply Barbara Epply

( )   Deceased
*   Deceased Without Issue
**   Disinherited