WILLIAM KENNETH STEELE ET AL. *v.* CARLTON CHASE, ADMINISTRATOR ET AL.

[No. 1271A262. Filed April 13, 1972.]

*Wilson E. Shoup,* of Angola, for appellants.

*Albert M. Friend,* of Angola, for appellee Chase; *Harris W. Hubbard,* of Angola, for appellees Baranyai.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether IC 1971, 29-1-5-8, Ind. Ann. Stat. § 6-508 (Burns 1953) operates to exclude the decedent's stepson from the terms of the decedent's will.

The facts giving rise to this appeal are as follows:

On or about January 26, 1968, Carl Barany, the decedent, and Capitola Jacquetta Steele were married. On January 30, 1968, Carl Barany executed and published his Last Will and Testament, a portion of which is the subject of this appeal and reads as follows:

## "ARTICLE I

"I declare that I am married, and that my wife's name is Capitola Jacquetta Barany.

## "ARTICLE II

"I give, devise, and bequeath all of my property, real, personal, or mixed, of whatsoever kind and nature and wheresoever situated, which I may own or of which I may have the right to dispose at the time of my death, to my beloved wife, Capitola Jacquetta Barany, as her property,

in fee simple, absolutely and forever, provided she is living subsequent to thirty (30) days from the date of my death.

"ARTICLE III

"If my wife predeceases me, or is not living subsequent to thirty (30) days after the date of my death, all of my estate, whether real, personal, or mixed, of whatsoever kind and nature and wheresoever situated, is to be divided and distributed as follows: One-half to my wife's son, William Kenneth Steele, and one-half to be divided equally among each of my brothers, * * *."

Carl Barany and Capitola Jacquetta Barany received a decree of absolute divorce on January 21, 1970, at which time a property agreement was made a part of the judgment.

Carl Barany died on January 16, 1971, without revoking his will or executing a new will.

After such will was admitted to probate, the administrator filed a petition requesting that the court "construe the Will of Carl Barany; that the Court find and determine that Capitola Jacquetta Barany and William Kenneth Steele according to the laws of the State of Indiana have no interest in the estate of Carl Barany; and that said estate be distributed to the heirs at law of Carl Barany; namely: Julius Baranyai, David Baranyai, and Joseph Baranyai; and for all other proper relief in the premises."

Thereafter, Capitola Jacquetta Steele and William Kenneth Steele filed their appearances and objections to the granting of the relief prayed for in such petition of the administrator. Following argument and consideration of the briefs filed by the parties, the trial court entered its findings which, in pertinent part, read as follows:

"5. That at all times relevant to this cause there was in effect in this State the following statutory provision: Burns 6-508. *Change of circumstances causing revocation— Divorce or annulment of marriage.* If after making a will the testator is divorced, all provisions of the will in favor of the testator's spouse so divorced are thereby revoked.

Annulment of the testator's marriage shall have the same effect as a divorce as hereinabove provided. With this exception, no written will, nor any part thereof, can be revoked by any change in the circumstances or condition of the testator. (Acts 1953, ch. 112, Sec. 507, p. 295.)

"The court therefore finds that pursuant to the said Burns statute above quoted Article II of said Will is revoked by operation of law.

"6. Court further finds that Article III of said Will required that certain conditions occur before it could become effective, and that since said conditions precedent were not met, Article III of said Will is also ineffective.

"7. The court further finds that said decedent died intestate and that his estate shall pass to his heirs-at-law, pursuant to the statutes concerning intestacy." (Emphasis are those of trial court.)

In accordance with these findings the trial court entered its judgment that "Capitola Jacquetta Barany [Steele] and William Kenneth Steele have no interest in the Estate of Carl Barany, deceased.", and that "said estate shall be distributed to the heirs-at-law of Carl Barany, * * *."

Capitola Jacquetta Steele and William Kenneth Steele timely filed their motion to correct errors asserting that "1. The decision is not supported by sufficient evidence and is contrary to the evidence * * *."; and, "2. The decision is contrary to law * * *." Such motion was subsequently overruled by the trial court and appellants, Capitola Jacquetta Steele and William Kenneth Steele, have perfected this appeal. On appeal both specifications of error as contained in the motion to correct errors have been combined into one argument. The sole issue here presented, as stated by appellants, is "whether the trial court was correct in holding that the decedent Carl Barany died intestate * * *."

Initially, we find that Finding No. 5 of the trial court, hereinbefore set forth, was correct. Article II of the will of Carl Barany, the provision in favor of his former wife, Capitola Jacquetta Barany (now Steele), was revoked by operation of law when the decree of absolute divorce was

lawfully entered. Section 6-508, *supra,* as is here pertinent, provides that "[i]f after making a will the testator is divorced, all provisions in the will in favor of the testator's spouse so divorced, are thereby revoked."

Under the language of § 6-508, *supra,* the judgment of the trial court that Capitola Jacquetta Barany [Steele] has no interest in the estate of Carl Barany, deceased, should be affirmed.

The remaining question is whether the judgment of the trial court that William Kenneth Steele has no interest in the decedent's estate is correct.

The construction of a will when gathered from the language of the will or from the will and surrounding circumstances which are not in dispute is a question of law. *Ford* v. *Cleveland* (1942), 112 Ind. App. 420, 44 N. E. 2d 244. See also: IC 1971, 29-1-6-5, Ind. Ann. Stat. § 6-605 (Burns 1953).

In construing and interpreting a will, the governing factor is the intent of the testator so long as it does not interfere with established rules of law. *In re Estate of Brown* (1969), 145 Ind. App. 591, 252 N. E. 2d 142, 19 Ind. Dec. 178, (transfer denied). In arriving at the intention of the testator, the will in all its parts must be considered together and read in light of the circumstances surrounding the testator at the time of its execution. *Epply et al.* v. *Knecht et al.* (1967), 141 Ind. App. 491, 230 N. E. 2d 108 (transfer denied). It has also been held that where the meaning of a will is plain the court is limited in its interpretation to the four corners of the instrument itself. However, where there is an ambiguity, the court may consider the circumstances surrounding the testator at the time of the execution of the will. *Stoner* v. *Custer, Extr. et al.* (1969), 252 Ind. 661, 666, 251 N. E. 2d 668.

In the instant case the only evidence in the record before us bearing on the intent of the testator was the language

of the will itself and the undisputed facts as hereinbefore set forth. From this evidence the trial court concluded that the language in the will, "[i]f my wife predeceases me, or is not living subsequent to thirty (30) days after the date of my death, * * *." was a condition precedent which had not been met because of the divorce and, therefore, Article III was void.

This appears to be a question of first impression in this jurisdiction. However, other States have passed on this question.

In *In Re Will of Lampshire* (1968), 57 Misc. 2d 332, 292 N. Y. S. 2d 578, the third paragraph of the testator's will stated:

"THIRD: In the event my wife should predecease me * * * I give, devise and bequeath said residue in equal shares, per stirpes, to the children of my wife * * *."

The applicable New York statute stated, "[i]f, after executing a will, the testator is divorced, * * * the divorce, * * * revokes any disposition or appointment of property made by the will to the former spouse * * *." (*Ibid* at 579.) The court held that:

"Paragraph Third is predicated on a condition set forth therein and limited thereby. The expressed contingency not having occurred, the result is intestacy." (*Ibid at* 580.)

Such result as reached by the New York Court appears to be in the minority. The Uniform Probate Code Phamph., § 2-508, at 51, in pertinent part, provides:

"Property prevented from passing to a former spouse because of revocation by divorce or annulment passes as if the former spouse failed to survive the decedent, * * *."

The latter result has also been reached in a number of other jurisdictions which have decided this issue. In *First Church of Christ, Scientist* v. *Watson* (1970), 286 Ala. 270,

239 So. 2d 194, at 195, the sole question presented involved the construction to be given the following will clause:

> " ' "I give, devise and bequeath all of my property, real, personal and mixed, wheresoever located to my beloved wife, LILLIE GRICE WATSON, to have and to hold as her property absolutely; provided that she lives to survive me for a period of (30) thirty days; but in the event of her death prior to the end of said period, then to THE FIRST CHURCH OF CHRIST, SCIENTIST, BOSTON, MASSACHUSETTS." ' "

The testator and his wife were subsequently divorced, however the testator died without revoking his will. The applicable statute provided, "[a] divorce from the bonds of matrimony operates as a revocation of that part of the will of either party, made during coverture, making provision for the spouse of such party; * * *." The Supreme Court of Alabama held "that the property which is prevented from passing to the former spouse because of the revocation by divorce should pass as if the former spouse failed to survive the decedent." (*Ibid* at 196 of 239 So. 2d.) See also: *Peiffer* v. *Old Nat. Bank & Union Trust Co.* (1931), 166 Wash. 1, 6 P. 2d 386; *Volkmer* v. *Chase* (Tex. Civ. App. 1962), 354 S. W. 2d 611.

While the above cases only serve as persuasive authority, the result reached that property prevented from passing because of the divorce passes as if the former spouse failed to survive the decedent is the correct result under our statute. For instance, had the testator provided that if his wife should predecease him then his estate should go to a named relative, third person or charitable institution, with no provision in case of divorce, but without altering his will after subsequent divorce, it would be contrary to the intention of such testator for a court to disregard the named beneficiary and permit the estate to pass by intestacy.

Furthermore, it has been generally held that the law does not favor and will avoid intestacy whenever possible. *Carey* v. *White, Admr., etc., et al.* (1955), 126 Ind. App. 418, ■ 126 N. E. 2d 255 (transfer denied) ; *Keplinger* v. *Keplinger* (1916), 185 Ind. 81, 113 N. E. 292.

Here, the intent of Carl Barany was clearly expressed. He intended that if his wife did not survive him by thirty days, one-half of his estate should go to his stepson, William Kenneth Steele, and the other one-half to his three brothers. Because we have construed § 6-508, *supra,* to require that the divorced spouse is to be considered as having predeceased the testator the condition precedent is satisfied. The manifest intent of Carl Barany must be given effect as required by the last sentence of § 6-508, *supra.*

We have considered appellees' arguments that Article II is a residuary clause and that Article III is subject to a condition precedent which has not been met. The former argument fails because it does not consider all the provisions of the will. The latter argument has been herein amply discussed. We recognize that in certain circumstances a relative of a divorced spouse may receive a greater devise than the heirs at law, yet a court may not speculate as to what a decedent's intentions may have been and thus rewrite his will. *Szulkowska* v. *Werwinski* (1941), 109 Ind. App. 511, 518, 36 N. E. 2d 948. The plain intention of the testator as manifested in his will must govern.

The judgment of the trial court that Capitola Jacquetta Barany [Steele] has no interest in the estate of Carl Barany, deceased, is affirmed; the judgment of the trial court that William Kenneth Steele has no interest in the decedent's estate is reversed; and this cause is remanded to the trial court with instructions to enter judgment consistent with this opinion.

Judgment affirmed in part and reversed in part, and cause remanded with instructions.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 137.