341 So.2d 1074 (1977)
Charles LAMONTAGNE and Leo Lamontagne, Appellants,
v.
James W. HUNTER, As Administrator of the Estate of Robert S. Hunter, Deceased, Appellee.
No. 76-626.
District Court of Appeal of Florida, Second District.
February 4, 1977.
Russell K. Peavyhouse of Peavyhouse, Giglio, Grant, Clark & Charlton, Tampa, for appellants.
Harley S. Miller, Plant City, for appellee.
McNULTY, Judge.
Appellants Charles and Leo Lamontagne, step-sons of the deceased testator Robert S. Hunter who divorced appellants' mother subsequent to the execution of his will, take this appeal from an order of the circuit court declaring the will null and void so as to cut them out as contingent legatees. We reverse.
The decedent devised his entire estate to his wife. He further provided that in the event she predeceased him her sons, the appellants, were to take equal shares of his entire estate. At the instance of the decedent's *1075 brothers, James (the appellee Administrator) and Raymond, the trial court voided the will and declared that the estate passed to them as the decedent's heirs at law.
This case is controlled by our decision in In re Estate of Fredericks.[1] In that case Fredericks left the residence of his estate to his wife and, in the event she predeceased him, to the Shriners Hospital for Crippled Children. As in this case, the testator and his wife were divorced but the will was left unchanged. This court followed the rationale of our Supreme Court in Iles v. Iles[2] and held that Fredericks' clear intent was that the Shriners Hospital was to receive the residuary estate if his wife were not available to take under the will. "The divorce", we said, "took the wife out of the picture just as surely as would her death."[3] So it is here. The will controls; the divorced wife is out; and appellants take as contingent residuary legatees, the contingency in law having occurred.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] 311 So.2d 376 (Fla.2d DCA 1975).
[2] 159 Fla. 493, 29 So.2d 21 (1947).
[3] See n. 1, supra, p. 379; see also Steele v. Chase, 151 Ind. App. 600, 281 N.E.2d 137 (1972).